## TUCKER ET ALS. v. EDEN AND LOWELL.

### January Term, 1896.

*Supreme Court.   By whom citation should be signed.*

1.  A citation returnable to the supreme court of a particular county should be signed by the clerk of that county and not by the clerk of the general term.
2.  A citation returnable to one of the stated general terms of the supreme court, at Montpelier, and signed by the clerk of a particular county, is good, upon a motion to dismiss, as a citation returnable to the supreme court of that county.

Petition for the laying of a highway in two towns situated in Lamoille and Orleans counties.   Heard upon a motion to dismiss by both defendants at the January term, 1896.

*Dickerman & Young* for the defendants.

*Bates & May* for the petitioners.

. The citation is properly directed and signed by the proper clerk.   *In re Durant,* 60 Vt. 176.

ROSS, C. J.    This is a petition to have a highway laid and established extending into two towns in different counties.    It must be brought to the supreme court in one of the counties in which the towns are located.    V. S., 3351. One town named in the petition is in Lamoille county, and the other in Orleans county.    The petition is addressed to the supreme court, to be held at Montpelier in the county of Washington, at its general term, on the second Tuesday of January, A. D. 1896.    The citation requires the defendant towns to appear before that court at the time and place named in the petition, and is signed by the clerk of the supreme court for the county of Lamoille. The defendants move to dismiss the proceedings on two grounds :    First.    That the citation should have been signed by the clerk of the general term of the supreme court. Secondly.    That the petition should have been addressed to the supreme court for Lamoille county, to be held at the time and place named.    By V. S., 1030 and 1031, each county clerk is clerk of the supreme and county court, and court of chancery for the county, makes and keeps the dockets of the cases pending in the respective courts, records all judgments rendered, and other proceedings required to be recorded, and signs process regularly issuing from either of these courts.    The petition was required to be brought in the supreme court for the county of Lamoille, or for the county of Orleans, and the citation must issue from that court for the county to which the petition is required to be brought.    Hence the petition is properly signed by the clerk of the supreme court for the county of Lamoille. By V. S., 997, the clerk of the county in which the general term of the supreme court is held, receives the docket, files, and papers, of the causes in each county, from the clerk of the county, acts as clerk of the court *for such time*, performs all the duties of clerk for all the counties during the time, and remits such causes with the papers, files and

docket entries made therein under the direction of the court, to the respective clerks of the counties where they belong, and the county clerks make the record, in the causes, of their respective counties. The clerk of the general term, except for his own county, is only the *vice* clerk, to make the docket entries and to perform the duties of clerk of the court in the causes pending, at such term, for the other county clerks. This provision was manifestly made to avoid the inconvenience and expense of the attendance of the clerk of each county at the general term, while the causes from his county were being heard and disposed of. The duty of the clerk of the general term, for the counties other than his own, is limited and does not extend to signing original process, returnable to the supreme court of such other counties, nor any process in the causes of the other counties except such as are necessary to be issued during the term. This motion cannot prevail on the ground that the citation was signed by the wrong clerk. V. S.; 994, reads : ''Three general terms of the supreme court for all counties shall be held" etc. These terms are for the courts of each and all the counties. They are not courts for the state as a single municipal corporation, but are general terms, at which are held the supreme courts for the several counties which are included in the state. This is manifest from the language of this section, as well as from the provisions of the sections already considered relating to the office and duties of the several county clerks, and of the clerk of the general term. These supreme courts, for the several counties, held in general term, at one time and place, are in a larger sense the supreme court of the state, from which they derive authority as expressed in V. S., 989. But the general expression used in this section is not inconsistent with the special provisions of the other sections of this chapter of the statute. From what has already been said, it is evident that this petition, to be properly and fully

addressed, should have been addressed to the supreme court for the county of Lamoille, next to be held in general term at Montpelier, in the county of Washington, on, etc. But inasmuch as the supreme court, in general term, is the supreme court for the county of Lamoille, as well as for the other counties, the address in the petition and citation—the latter being signed by the clerk of the supreme court for the county of Lamoille—in substance, is to the supreme court for that county. The address and citation imply that. The time and place for the appearance of the defendants before that court are correctly stated. What is wanted in the address to make it full and explicit, is not such a defect as can be taken advantage of by a motion to dismiss. It does not go to the jurisdiction of the court over either the subject matter, the process or the parties.

*The motion to dismiss is overruled.*

TAFT, J., concurs in the result.