IN RE JENNIE E. MARTIN'S ESTATE.

February Term, 1923.

Present: WATSON, C. J., POWERS, TAYLOR, SLACK, and BUTLER, JJ.

Opinion filed May 2, 1923.

*Descent and Distribution—Nature of Right of Succession to Ancestor's Property—Adoption of Foreign Statute—Grandchildren Alone Surviving Share Equally, Per Capita and Not Per Stirpes.*

1.  The right to succeed to the property of an ancestor is not a natural right, but a gift of the law.
2.  When Vermont adopted the English statute of distribution, which then had a settled English interpretation, it, must be taken that such construction was adopted with the statute.
3.  Under G. L. 3416, Canon I, providing that, under certain circumstances, the property of a deceased person shall descend "in equal shares to the children of said deceased person or the legal representatives of deceased children," grandchildren, who alone survive the ancestor, take equally and not by representation, the clause providing for representation applying only when inequality of relationship exists.

APPEAL from a decree of distribution of the probate court for the District of Washington, Washington County. The opinion states the case. *Affirmed. Result to be certified to the probate court.*

*S. E. Darling, Jr.,* for the appellant.

*Edward H. Deavitt* for the appellees.

When all the heirs of an intestate estate are in equal degree of relationship to the decedent, they take *per capita* and not *per stirpes.* 9 R. C. L., Descent & Distribution, § 24; 18 C. J. 824, § 30b; *Hatch* v. *Hatch's Estate,* 21 Vt. 450; 4 Kent's Com. 379; Washburn's Law on Real Property, 409; Stimson's Am. Stat. Law, § 3103; 12 A. S. R. note pp. 96, 104, 112; *Healey* v. *Cole,* 95 Me. 272, 49 Atl. 1065; *Nichols* v. *Shepard,* 63 N. H. 391; *Knapp* v. *Wallace,* 6 Cush. 156; *Snow* v. *Snow,* 111 Mass. 389; *Hillhouse* v. *Chester,* 3 Day (Conn.) 166; Lipman's Appeal, 30 Pa. 180, 72 A. D. 692; Croswell's Exrs. & Admrs., §§ 168, 169; 1 Woerner on Administration, § 71; *Smith* v. *McDonald* (N. J.), 61 Atl. 453.

POWERS, J.   Jennie E. Martin, late of Calais, died intestate, leaving as next of kin, three grandchildren: Alice E. Martin, Bourke Martin, and Ned Martin. Alice E. is the daughter of Earle Martin; the others are the sons of Charles Martin. The probate court, by the decree appealed from, distributed the estate of Jennie E., by dividing it into three equal parts, and giving one of these parts to each of the grandchildren. The appellant, the guardian of Alice E., claims that the distribution should have been *per stirpes,* and not *per capita.* The case comes here by direct appeal under G. L. 3451.

[1, 2]   The right to succeed to the property of an ancestor is not a natural right (*Gaines* v. *Strong's Estate,* 40 Vt. 354), but a "gift of the law." *Succession of Lacosst,* 142 La. 673, 77 So. 497; *Jones* v. *Jones,* 234 U. S. 615, 58 L. ed. 1500, 34 Sup. Ct. 937. Hence, the rights of these grandchildren in the estate of the intestate are just what the statute of descent gives them. All agree that the whole question depends upon a proper construction of Canon I, of G. L. 3416, which reads as follows: "In equal shares to the children of said deceased person or the legal representatives of deceased children." The appellant insists that these grandchildren, being "representatives of deceased children," take by representation; and if this is so. it will be difficult to avoid his conclusion that they take *per stirpes;* for their

rights would be determined by those of the persons they represent. In common with many, if not all the American states, we get our law of descent largely from the English statute of distributions (22, 23 Charles II), *Hatch* v. *Hatch*, 21 Vt. 450, 2 Kent, *426, under which it became settled at a very early day that the doctrine of representation applied only when the claimants were related to the intestate in unequal degrees; and that when they were equally related to him, they took directly and *per capita*—not by representation and *per stirpes*. For, it was said, the latter method would not then be necessary to prevent the exclusion of those in a remoter degree of relationship, and therefore would be contrary to the spirit and policy of the statute, which aimed at a just and equal distribution. 2 Kent, *425; 2 Will. Exrs. 1605; 2 Blacks. 517; Bacon's Abridg. Exrs. 1, 3; *Walsh* v. *Walsh*, Pre. Ch. 514—a case which the Lord Chancellor said in *Davers* v. *Dewes*, 3 P. Wil. 50, was decided upon great deliberation, and that it was "fit that matter should now (1730) be at rest." So when we adopted the English statute, this was the settled English interpretation of it; and it must be taken that we adopted the construction with the statute. *Adams* v. *Field*, 21 Vt. 256; *Warner* v. *Warner's Estate*, 37 Vt. 356; *Bosquet* v. *Howe Scale Co.*, 96 Vt. 364, 120 Atl. 171. This rule has been approved by high authority in this country. "The rule of representation," says Chief Justice Shaw in *Knapp* v. *Windsor*, 6 Cush. (Mass.) 156, "applies only from necessity, or when there are lineal heirs in different degrees, as children and the children of a deceased child * * *." Equally direct and positive is the approval of the doctrine in *Nichols* v. *Shepard*, 63 N. H. 391, and *Preston* v. *Cole*, 64 N. H. 459, 13 Atl. 788. It follows, as is quite generally held in this country, that those who take as a class, take equally. *Hillhouse* v. *Chester*, 3 Day (Conn.) 166, 213, 3 A. D. 265; *Snow* v. *Snow*, 111 Mass. 389; *Brown* v. *Baraboo*, 90 Wis. 151, 62 N. W. 921, 30 L. R. A. 320. Or, to state it as above, those equally related to an intestate participate equally in his estate. 4 Kent, *375; note to *In re Ingram*, 12 A. S. R. 112. So manifestly just is this rule that in the construction of a doubtful statute, it should be given preference. Lipman's Appeal, 30 Pa. 180, 72 A. D. 692.

[3] Such equality of benefit is the unmistakable spirit of our statute of descent. It runs all through it. Thus, children,

under Canon I, share equally; father and mother, under Canon III, share equally; brothers and sisters, under Canon IV, share equally; and next of kin, under Canon V, share equally. In harmony with these provisions, then, we hold that it was the intention of the Legislature that grandchildren, who alone survive the ancestor, should take equally. In other words, that they should take as heirs, and not by representation. In such cases, the effect is the same as if the statute read "in equal shares to the descendants of such deceased person"—the clause providing for representation applying only when inequality of relationship exists.

*Judgment affirmed. Let the result be certified to the probate court.*