HELEN DUPREY ET AL. *v.* AGNES HARRINGTON ET AL.

January Term, 1931.

Present: POWERS, C. J., SLACK, MOULTON, WILLCOX, and THOMPSON, JJ.

Opinion filed February 5, 1931.

*F. E. Morrisey* and *Norton Barber* for the defendants.

*Edward J. Hall* for the plaintiffs.

SLACK, J. This is a suit in chancery to determine the ownership of the proceeds of a life insurance policy that Edward A. Baker, deceased, held in the New England Order of Protection at the time of his death which occurred September 19, 1929. On December 24, 1929, the insurance company, by leave of court, paid the fund in question into court and the suit as to it thereupon terminated. Such proceedings were subsequently had that a decree was entered in favor of the other defendants. From such decree the plaintiffs appealed, or attempted to appeal, to this Court pursuant to G. L. 1561. The validity of such appeal is now challenged by the defendants on the ground that the motion therefor was not seasonably filed.

G. L. 1561 provides that, except in certain instances not here material, a party may, by a written motion filed within twenty days from the date of a final order or decree, appeal therefrom to the Supreme Court. Since chancery appeals are a matter of statute, and can only be had by force of the statute, *Gove* v. *Gove's Admr.*, 87 Vt. 468, 89 Atl. 868; *Essex Storage Electric Company* v. *Victory Lumber Company*, 93 Vt. 437, 108 Atl. 426, it is essential that in an attempted appeal the statute be strictly complied with. *Fire District No. 1, etc.* v. *Graniteville Spring Water Co., Inc.*, 102 Vt. 511, 150 Atl. 459; *United States* v. *Cano*, 100 Vt. 111, 135 Atl. 1; *Ludlow Savings Bank & Trust Co.* v. *Knights*, 91 Vt. 172, 99 Atl. 633, and cases cited above.

No question is made but that the motion for an appeal in the instant case was filed March 26, 1930. All that appears respecting the date of the decree from which the appeal was attempted is the following docket entries: "Hearing on bill and ans. Feb. 26, 1930; Judgt. for defts. Harrington, Galgas & Young on hearing; exceps. by plffs.; plffs. mo. for app. fi. Mch. 26."

The defendants claim that the decree was entered the day on which the hearing on the bill and answer was had, namely, February 26, 1930, and insist that the docket entries should be construed as showing such to be the fact. The plaintiffs claim that the decree was entered at a later time, but if so there is nothing by which the date thereof can be fixed. We are inclined to accept the defendants' view respecting the construction to be given the docket entries, but since the question is

open to doubt, and the disposition of the case does not require us to do so, we do not decide it.

▪▪ If the decree was dated February 26, as defendants claim, manifestly the motion for an appeal was filed too late to avail the plaintiffs. But assuming that the decree was dated at a later time, as plaintiffs claim, they are no better off, since it does not appear to have been dated within twenty days before the day on which the motion for an appeal was filed, in fact, as we have seen, it does not appear when it was dated. Since it is apparent from the cases already cited that the jurisdiction of this Court in chancery appeals depends upon a compliance with the statute respecting such appeals, it logically follows that the appealing party must produce a record that affirmatively shows such jurisdiction—it will not be presumed.

In *Gleason* v. *Collett,* 77 Iowa, 448, 42 N. W. 367, where a like question arose, the court said: "Facts essential to the jurisdiction of this court must appear on the face of the record. They will not be presumed. * * * * This appeal may or may not have been taken within the time prescribed by law. In the absence of an affirmative showing, the appeal must be dismissed."

In *Bartlett* v. *Slater,* 183 Mass. 152, 66 N. E. 631, 632, it is said: "The right of appeal from a decree of the probate court to this court is given entirely by statute, and, in order that it may be sustained, the right of the appellant must be clearly made to appear and the statutory requirements governing and regulating such an appeal complied with." See, also, *Faulkner* v. *Faulkner,* 27 Wyo. 62, 191 Pac. 1068.

▪ The plaintiffs say in their brief that: "An undated judgment (decree) as of a term would date from the term and on appeal filed at the term would be in time." Under P. S. 1307 a motion for an appeal filed at the term in which a final order or decree was made was seasonably filed, but that statute is no longer in force. Our present statute, G. L. 1561, takes no notice of the term, but as we have seen, requires such a motion to be filed within twenty days from the date of the order or decree appealed from. For this reason the date of such order or decree must affirmatively appear.

We deem this a proper occasion to call attention to the fact that some of the clerks in the State do not keep their dockets with the care and precision that they should. The docket of

a court is a most important public record, upon it frequently depends the rights of litigants, and it should be kept with such a degree of accuracy as to leave no step in the progress of a case, that is required to be recorded, in doubt.

*Motion granted, and appeal dismissed.*