LYMAN PARKER *v.* HORATIO WEAVER.

May Term, 1938.

Present: MOULTON, SHERBURNE, BUTTLES and STURTEVANT, JJ., and JEFFORDS, Supr. J.

Opinion filed October 4, 1938.

*Stanley L. Burns* for the plaintiff.

*Asa S. Bloomer* for the defendant.

BUTTLES, J.   This is an action of contract attempted to be brought to this court by the plaintiff on exceptions from Rutland municipal court.   Prior to argument in this court the defendant moved to dismiss the case for lack of jurisdiction.

The bill of exceptions before us bears an endorsement indicating that it was filed in the Rutland county clerk's office on March 4, 1938, and there is no indication in the record or on the bill of exceptions that it was filed elsewhere at any time.   The plaintiff in argument did not contend that it was ever filed elsewhere than in the Rutland county clerk's office.   Under the provisions of section 1431 of the Public Laws the bill of exceptions should have been filed with the judge of the Rutland municipal court within the time required which was within thirty days from the rendition of final judgment.   See *Jones* v. *Metcalf*, 95 Vt. 67, 112 Atl. 831.   This requirement is mandatory and compliance therewith was vital to the transference of jurisdiction to this court.   This case is controlled by *Village of St. Johnsbury* v. *Dolgin*, 102 Vt. 424, 148 Atl. 879.   The requirement not having been complied with, we are without jurisdiction.

Since adjournment of court the plaintiff has filed in this court a motion to remand the case to the Rutland municipal court ''for the purpose of correcting and/or amending the docket entries in said Rutland municipal court to show the facts,'' or, in the alternative, ''to stay final disposition of said cause until said docket entries are corrected and/or amended and certified to the Supreme Court.''

With respect to this motion it is sufficient to say that the grounds on which it is predicated are not stated as required by Supreme Court rule 10.   We are not informed as to what the alleged facts are which the plaintiff proposes to show by correc-

tion or amendment of the docket entries of the court below, nor as to how those facts, assuming that they could be shown in the manner proposed, might affect the conclusion that this Court does not have jurisdiction of the case.

*Plaintiff's motion to remand is overruled. Defendant's motion to dismiss is granted. Action dismissed.*