[Civ. No. 17741. Second Dist., Div. One. June 2, 1950.]

EDWARD SCHOUTENS et al., Petitioners, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY et al., Respondents.

Franklin W. Peck for Petitioners.

Harold W. Kennedy, County Counsel, Douglas De Coster, Deputy County Counsel, and Warren E. Libby for Respondents.

DORAN, J.—The petition for a writ of prohibition alleges that on June 6, 1949, the petitioners, husband and wife, commenced an action in superior court against one Harvey L. Cole, seeking to recover $9,995 and interest, for money had and received. Incidental thereto, petitioners caused a writ of attachment to be issued which was thereafter levied upon certain real property, and all debts due and owing to defendant

from the California Bank, 1600 North Vine St., Los Angeles, California. To the foregoing petition respondents filed a general demurrer and answer.

On September 20, 1949 Harvey L. Cole served upon petitioners notice of a motion to discharge the attachment on the ground that the writ was improperly and irregularly issued, which motion was granted with a stay of execution until October 25, 1949. A "Notice of order discharging attachment" was received by petitioners by mail on November 3, 1949. On November 2, 1949, petitioners filed with the county clerk a surety bond of $19,990, for the purpose of staying execution on said order discharging the attachment, pending appeal from such order. And on November 9, 1949, petitioners filed a notice of appeal; a notice to prepare a transcript on appeal was filed on November 15, 1949, and the transcript was filed in the District Court of Appeal on March 16, 1950. Such appeal is now pending and undetermined. On November 10, 1949, Cole made a demand on the sheriff to release the attachment on the ground that the appeal had not been perfected within the required time, which demand was refused.

The petition further alleges that on December 30, 1949, Harvey L. Cole filed a petition for writ of mandate to compel release of the attachment, which petition was "denied without prejudice to application to Superior Court." Thereafter, on February 14, 1950, Cole served on petitioners an "order to show cause in re release of attached property," to which counteraffidavits were filed. On March 6, 1950, after argument, the Superior Court Judge Wm. B. McKesson granted the order, stay of execution thereon being extended until March 28, 1950. The order was granted on the ground that petitioners had failed to perfect the appeal within the prescribed time. By the present proceedings for writ of prohibition, petitioners seek to prevent the release of said attachment.

Determination of the present proceeding is dependent upon the question whether petitioner's appeal from the order discharging the attachment was perfected within the required period. If it was sufficiently perfected, then the lien of the attachment remained intact pending the appeal and any interference therewith, judicial or otherwise, should be prohibited. In this connection it will be remembered that on November 2, 1949, and before filing the notice of appeal, petitioners had filed with the county clerk, a surety bond of twice the amount

of the claim involved, as required by the statute, which amply secured the respondents.

Section 946 of the Code of Civil Procedure, here invoked by the respondents, provides that "An appeal does not continue in force an attachment, unless an undertaking be executed and filed on the part of the appellant . . . *and unless, within five days after written notice of the entry of the order appealed from, such appeal be perfected.* (Italics added.)

In respondents' Memorandum of Points and Authorities in support of a demurrer to the petition for prohibition, it is argued that under any one of three theories, the appeal was not perfected within the required five-day period, and that such situation is shown upon the face of the petition for prohibition. It is first submitted that the order discharging the attachment was signed and filed October 28, 1949; that petitioners had waived notice of entry of said order and that since petitioners' notice of appeal was not filed until November 9, 1949, a "full eleven days elapsed prior to the perfection of any appeal." Respondents' second theory is that written notice of the order discharging attachment was served by mail on petitioners on November 1, 1949; that from such date to November 9, 1949, the date of perfecting the appeal, "a full seven days elapsed." A third theory is that from the date petitioners received actual notice by mail of said order, November 2, 1949, to November 9, 1949, "a full six days elapsed prior to the perfecting of any appeal."

The petitioners maintain that the appeal was taken in due time. It is contended that since the notice of entry of the order dissolving attachment was mailed by respondents on November 1, 1949, "The last day fell on Sunday, November 6, 1949. This gave them an additional day to and including November 7, 1949" under the provision of section 12a of the Code of Civil Procedure. Petitioners then call attention to section 1013 in reference to service of notices by mail, which provides that "if, within a given number of days after such service (by mail), a right may be exercised or an act may be done by the adverse party, the time within which such right may be exercised or act be done, *is extended one day* . . ." (petitioners' italics) ; that therefore the time for appeal was extended to and including Tuesday, November 8, 1949, which latter date was an election day and therefore a holiday, which then gave petitioners yet another day, namely, Wednesday, November 9, 1949, which was the day on which the notice of appeal was filed.

The case of *Labarthe* v. *McRae,* 35 Cal.App.2d 734, 737 [97 P.2d 251], is cited by petitioners, which states: "if there is any ambiguity in a statute pertaining to the right of appeal, that construction should be adopted that protects the right of appeal. The policy of the law favors the hearing of appeals on their merits." On this same point is mentioned *Manning* v. *Gavin,* 14 Cal.2d 44 [92 P.2d 795], and other cases, indicating that "in cases of doubt the court ought to resolve the doubt in favor of the application so that the full merits of the litigation might be presented."

The policy of liberality as set forth in the cases cited, should be applied in the instant controversy. The record discloses no reason to believe the appeal was not in good faith. Indeed, petitioners' first act after the order had been issued, even before filing notice of appeal, was to post an adequate bond for the protection of respondents' rights, as required by statute. In view of this bond, the liberal policy above referred to, the intervention of a Sunday and an election day, and the general circumstances of the case, it would seem that only an undue refinement of logic and a disregard of the spirit of the law should prevent petitioner from pursuing the appeal and thus securing a proper hearing on the merits of the case. This being so the attachment should be continued in force pending the appeal.

The demurrer is overruled. Let the writ of prohibition issue as prayed.

White, P. J., and Drapeau, J., concurred.