**FISHBAUGH v. ARMOUR & CO. et al.**

No. 6151.

United States Court of Appeals
Fourth Circuit.

Argued Nov. 10, 1950.

Decided Dec. 7, 1950.

Murray MacNabb, Baltimore, Md., **for** appellant.

Charles Markell, Jr., Baltimore, Md. (Hilary W. Gans, David Friedman and John B. Fox, all of Baltimore, Md., on the brief), for appellees.

Before PARKER, Chief Judge, **and** SOPER and DOBIE, Circuit Judges.

PER CURIAM.

This is an appeal from a judgment for defendant in an action to recover damages from a meat packer and a local food dealer

by a plaintiff who alleges that she was injured by eating meat, which had been processed by the packer and which she had purchased from the dealer. The case was submitted to a jury which exonerated the defendants of liability and the only questions presented by the appeal relate to the constitution of the jury. Shortly before the trial, plaintiff moved to strike all persons connected with insurance companies from the list of jurors from which the jury to try her case would be drawn. This motion was denied and plaintiff proceeded to trial without request that any individual member of the panel be examined on the voir dire with respect to his fitness to serve as a juror. After verdict had been returned against her, plaintiff moved for a new trial on the ground that wage earners had been excluded from the jury list and that it did not represent a fair cross section of the community. The trial court refused to allow plaintiff to adduce evidence in support of the motion for new trial. The denial of the two motions are the only matters urged as grounds of reversal.

■ The denial of the first motion was unquestionably correct. The suit was not against an insurance company and there was nothing to indicate that the defendants were insured or that persons connected with insurance companies would be interested in the case or prejudiced against plaintiff in any way. The argument that such persons are opposed to awarding damages is purely fanciful and has no basis in anything produced at the time in support of the motion or in anything of which the court could take judicial notice. No attempt was made by plaintiff to have any of the jurors examined with a view of disqualifying them on the ground of preconceived notions or attitudes, see Morford v. United States, 339 U.S. 258, 70 S.Ct. 586; and it was not proper to ask that a broad class of persons be excluded on the ground of presumed prejudice on the part of the class without any showing whatever that it existed on the part of those members appearing on the jury list. Dennis v. United States, 339 U.S. 162, 70 S.Ct. 519; State v. Royster, 181 S.C. 269, 186 S.E. 921, 105 A.L.R. 1522; Searle v. Roman Catholic Bishop of Springfield, 203 Mass. 493, 89 N.E. 809, 25 L.R.A.,N.S., 992, 17 Ann.Cas. 340.

■ The motion for new trial was addressed to the sound discretion of the trial judge and, in the absence of abuse of such discretion, affords no ground of appeal. We manifestly would not be justified in finding abuse of discretion in the denial of the motion here, as plaintiff had gone to trial without objection before the jury empanelled to try her case and had made no complaint as to the exclusion of wage earners or as to the jury's not representing a fair cross section of the community until it had returned a verdict against her. Francis v. Southern Pac. Co., 333 U.S. 445, 68 S.Ct. 611, 614, 92 L.Ed. 798. As said by Mr. Justice Douglas in the case cited: "Petitioners contend that the jury panel from which the jury in this case was selected was drawn contrary to Thiel v. Southern Pacific Co., 328 U.S. 217, 66 S.Ct. 984, 90 L.Ed. 1181. We do not stop to inquire into the merits of the claim. The objection was made for the first time in the motion for a new trial. It seems to have been an afterthought, as the Thiel case was decided a few weeks after the verdict of the jury in the present case. If not an afterthought, it is an effort to retrieve a position that was forsaken when it was decided to take a gamble on the existing jury panel. In either case the objection comes too late."

■ A motion to dismiss the appeal has been made on the ground that notice of intention to appeal was not given within the time required by the rule. We think, however, that the notice contained in the motion for leave to appeal in forma pauperis was sufficient, as the rules should be liberally construed and review should not be denied on mere technicalities where this can be avoided.

The motion to dismiss the appeal will be denied and the judgment appealed from will be affirmed.

Motion to dismiss appeal denied.

Judgment affirmed.