IN RE ESTATE OF LETTIE A. TOWNER.

(97 A2d 538)

February Term, 1953.

Present: SHERBURNE, C. J., JEFFORDS, CLEARY, ADAMS and CUSHING, JJ.

Opinion Filed May 5, 1953.

George R. McKee and Samuel Wagstaff for the claimants.

Lawrence & O'Brien for the executor.

JEFFORDS, J. This is an appeal from the disallowance of a claim in a report of the commissioners on the estate of Lettie A. Towner. In the county court a motion was made to dismiss the appeal. This motion was granted. The bill of exceptions shows that the court made the following entry: "Motion granted with exceptions to the

claimants Swintons May 2, 1952." It also appears in the bill that on June 11, 1952 counsel were notified by the judge presiding at that term of the county court "That the time for filing exception on the part of the claimants will be extended thirty days, to expire July 2, 1952." The bill is dated July 1, 1952.

By V. S. 47, § 2120 it is provided that "Exceptions to the opinion of the county court on a question of law arising on the trial of a civil cause shall be signed by the presiding judge and be filed with the clerk within thirty days after the rendition of judgment; provided that a date after the expiration of such thirty days may be fixed by the court for the filing of such exceptions and, when such time is so fixed, the time for filing such exceptions shall expire on the day so fixed." It is further provided that when the exceptions are not filed within the thirty day period or within the time fixed by the court the clerk shall erase the entry of exceptions made on the docket.

■ The time for filing exceptions was extended after the expiration of the thirty days' limitation period fixed by the statute. The presiding judge had no authority to extend the time after this period had expired. This was expressly decided in *Rinfret* v. *Tripp,* 97 Vt 404, 123 A 430, a case much in point on its facts with the present one, and in *Cole* v. *Walsh,* 97 Vt 256, 122 A 664.

■ The provisions of the statute as to the signing and the time of filing exceptions are mandatory and unless complied with the exceptions must be dismissed as giving the Court no jurisdiction of the case, and no action of the parties or the presiding judge can give the Court jurisdiction. *Rinfret* v. *Tripp, supra.* See also to the same effect *Cole* v. *Walsh, supra; Hotel Vt. Co.* v. *Cosgriff,* 89 Vt 173, 94 A 496; *Gordon* v. *Mead,* 81 Vt 36, 69 A 134; *Mead* v. *Moretown,* 72 Vt 323, 47 A 1072.

■ Since we have no jurisdiction of the case we act on our own motion in dismissing the exceptions. *Hunt* v. *Paquette,* 102 Vt 403, 148 A 752; *Hinsman* v. *Marble Savings Bank,* 100 Vt 48, 134 A 635; *Fillmore, Admr.* v. *Morgan, Admx.,* 93 Vt 491, 108 A 840.

*Exceptions dismissed. To be certified to the probate court for the district of Addison.*