# In Re Estate of Bessie Pringle

[117 A2d 379]

May Term, 1955.

Present: **Jeffords, C. J., Cleary, Adams, Chase and Hulburd, JJ.**

Opinion Filed October 4, 1955.

*Carl S. Gregg* for the appellants.

*Ready & Brown* for the appellee.

**Jeffords, C. J.**  This is an appeal from the acceptance and allowance by the probate court of the report of the commissioners in the estate of Bessie Pringle allowing a claim presented by Irene Corrado.  A motion to dismiss the appeal was filed by the claimant in the county court.  A judgment was entered granting the motion with exceptions to the appellants.

There are several grounds set forth in the motion.  The only one argued before us is, in substance, that the appellants did not file in county court a certified copy of the record of the proceedings appealed from as provided in V. S. 47, §3099, since the appeal papers do not include therein a certified copy of the commissioners' report filed in the probate court.  Such a copy was filed in the county court after the expiration of the time allowed under V. S. 47, §3092, for entering appeals from the probate court to the county court.

§3099 reads as follows: "The appellant shall file in the county court to which the appeal is granted a certified copy of the record of the proceedings appealed from, of the application for and the allowance of the appeal with evidence that notice has been given to the adverse party according to the order of the probate court. In case of appeal from the decision of commissioners, a certified copy shall be filed in the county court of the complaint or objections filed in the probate court."

It was stated on argument, in substance, that, as viewed by the appellee, the important, if not the only question to be decided is whether a certified copy of the commissioners' report is an essential part of the record of the proceedings appealed from referred to in §3099.

The material facts set forth in the report are the name of the creditor, the nature of her claim and the amount allowed by the commissioners. These same facts appear in the application for an appeal from the order of the probate court accepting and allowing the report of the commissioners. This application constitutes a part of the record certified by the probate court to the county court. This being so, even though it be assumed that a certified copy of the commissioners' report was an essential part of the record of the proceedings, as claimed by the appellee, which we do not decide, it was not necessary that it be included in such record in the present case as the material facts contained therein were, as we have seen, included in the appeal record before the county court which was entered and docketed in that court within the time required by §3092.

There is nothing in the wording of §3099 which conflicts with our holding above. Statutes giving and regulating the right of appeal are recognized as remedial in their nature and should receive a liberal construction in furtherance of the right of appeal. *Appeal of Maurice*, 117 Vt 264, 268, 90 A2d 440; *In re Walker Estate*, 112 Vt 148, 151, 22 A2d 183.

We have decided the question based on the above ground of the motion in favor of the appellants on a different theory than that advanced by them. However, since the question presented is fundamental to the excepting parties' rights we may relax the rigor of our rule as to briefing and

consider it. This we may do even though the question is not briefed at all. *Sheldon* v. *Little*, 111 Vt 301, 306, 307, 15 A2d 574, 137 ALR 1; *Dependents of Vlahos* v. *Rutland Restaurant*, 104 Vt 188, 190, 191, 157 A 832.

The appellee says in her brief that the appellants admit in their brief that they had not filed a certified copy of the proceedings appealed from. A reading of those portions of the appellants' brief referred to discloses that though they once used the words "certified copy of the proceedings" they meant by these words "certified copy of the commissioners' report."

We have examined the other grounds of the motion to dismiss and, in our opinion, none of them warrant the granting of the motion.

*Judgment reversed and cause remanded.*