Eddie L. BURDIX, Appellant,

v.

UNITED STATES of America, Appellee.

No. 14920.

United States Court of Appeals Ninth Circuit.

March 28, 1956.

Rehearing Denied May 22, 1956.

Writ of Certiorari Denied June 4, 1956.

See 76 S.Ct. 1041.

Eddie L. Burdix, Steilacoom, Wash., in pro. per.

Theodore F. Stevens, U. S. Atty., Fairbanks, Alaska, for appellee.

Before LEMMON and FEE, Circuit Judges, and MATHES, District Judge.

PER CURIAM.

Appellant was convicted after trial by jury of the offense of possession and sale of narcotics in contravention of the laws of the Territory of Alaska, § 40–3–2, A.C.L.A.1949, and sentenced to a five-year term of imprisonment.

No appeal was taken from the judgment of conviction, but appellant, in custody under the sentence, thereafter filed in the District Court his motion to vacate and set aside the judgment pursuant to 28 U.S.C.A. § 2255.

The District Court denied the motion, and appellant then presented contemporaneous applications to this Court and to the District Court for leave to appeal in forma pauperis from the order of denial. The District Court denied the application, certifying that the appeal was "not taken in good faith." 28 U.S.C.A. § 1915(a). This Court likewise denied the application made here, and has since denied a like petition subsequently filed. Burdix v. United States, Misc.No. 423 (3/21/55)[1]; id. (12/2/55).

Appellant thereafter presented a two-volume typewritten transcript of the record made upon the trial, and has also filed a "Brief in Support of Appeal," an "Opening Brief" and a "Final Brief." These lay briefs present many and varied criticisms as to the conduct of the trial. We have examined them and the entire record, and find no basis for disturbing the order of the District Court; but to the contrary, we find the record discloses that appellant was fairly tried and convicted.

Nothing further need be said on the merits, other than to recall that § 2255 was not intended to serve as a substitute for an appeal from the judgment of conviction and sentence. United States v. Hayman, 1941, 342 U.S. 205, 219, 72 S.Ct. 263, 96 L.Ed. 232; Hudspeth v. United States, 6 Cir., 1950, 183 F.2d 68, 69; Taylor v. United States, 4 Cir., 1949, 177 F.2d 194, 195.

Appellee has urged us not to consider the appeal on the merits, but to dismiss it on the ground that no formal notice of appeal was ever filed as required by Rule 73(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A. Cf. Fed.R.Crim.P. Rule 37(a) (1), 18 U.S.C.A.

However we deem appellant's timely petition to appeal in forma pauperis, although denied, a compliance in substance, if not in form, with the notice requirement of Rule 73(a). Steffler v. United States, 1943, 319 U.S. 38, 40, 63 S.Ct. 948, 87 L.Ed. 488; Tesciona v. United States, 9 Cir., 1944, 141 F.2d 811; cf. Shannon v. United States, 93 U.S.App.D.C. 4, 206 F.2d 479, 482.

The order of the District Court denying appellant's motion under 28 U.S.C.A. § 2255 is affirmed.

Ancillary to this appeal, appellant has filed here a petition to compel the District Court "to forward * * * the records of this case." As stated before, the record is now here. The "Petition for a writ of mandamus" is dismissed.

Appellant has also filed in this Court a "Petition to vacate and set aside Judgment and Sentence." That petition is likewise dismissed.

1. 220 F.2d 515.