## State of Vermont v. Frank Brown

[160 A.2d 879]

March Term, 1960

Present: **Hulburd, C. J. Holden, Shangraw, Barney and Smith, J J**

Opinion Filed May 3, 1960

Reargument Denied May 27, 1960

*John S. Burgess* and *Henry F. Black* for the respondent.

*Thomas M. Debevoise*, Attorney General, for the State of Vermont.

**Hulburd, C. J.** The respondent is seeking to appeal from a judgment entered on a verdict as set forth in a judgment order dated November 24, 1959 and filed December 3, 1959. He is met with a motion to dismiss his appeal in this Court "—on the grounds that said appeal was not filed in accordance with law, which said defective filing, it is believed, deprives this Honorable Court of jurisdiction to hear said appeal."

12 V. S. A. §2382 provides as follows: "In any action or proceeding, civil or criminal, appealable from any court (except a justice court), commission, board, agency or department of the state or any political subdivision thereof, appeal may be taken by the filing of a notice of appeal as hereinafter set forth with (1) the clerk of the court appealed to and (2) the clerk or register of the tribunal appealed from or the commissioner, as the case may be." The following section, 2383, specifies that "A notice of appeal shall be filed within thirty days from the date of notification to the appealing party of the rendition of any appealable judgment * * * *. Filing shall consist of delivery by hand or by mailing such notice of appeal to the persons specified in §2382 of this title."

■■ The new appeal procedure must be viewed against a background of certain established principles regarding appeals generally. Under previous appellate procedure this Court always held that the time of filing of the bill of exceptions had to be within the thirty days then prescribed by statute. *Rinfret v. Tripp*, 97 Vt. 404, 406, 123 A. 430; *In re Estate of Towner*, 117 Vt. 554, 97 A.2d 538. The corresponding requirement as to the time of filing the notice of appeal is equally applicable under the new law. Then again, we have broadly held that the requirements of a valid appeal are statutory and the jurisdiction of the court to which the appeal is taken depends upon a compliance with the statute. This is equally true under the new appellate procedure. Compare, *Duprey v. Harrington*, 103 Vt. 274, 153 A. 355; *Parker v. Weaver*, 110 Vt. 20, 1 A.2d 729; *Roddy v. Estate of Fitzgerald*, 113 Vt. 472, 476, 35 A.2d 668; *Holbrook Grocery Co.* v. *Commissioner of*

*Taxes,* 115 Vt. 275, 282, 57 A.2d 118.

It is to be noted that by 12 V. S. A. §252 the legislature, under the new procedure, has in certain instances provided that an extension of time may be granted to a party required to do an act within a specified time, but this section concludes: "but the court may not permit the filing of a notice of appeal after the original period, as extended, has expired." (The "as extended" of course refers to an extension asked for and granted before the specified period has expired.) Thus, the legislature leaves no doubt that the requirement as to the time of filing a notice of appeal is mandatory. Once the time has expired, the Court is left without authority to act.

We are now ready to turn to the specific situation before us. In accordance with the jury's verdict, rendered on November 5, 1959, the Windham County Court adjudged the respondent guilty of arson causing death as set forth in the indictment in violation of 13 V. S. A. §501. Sentence was for life imprisonment pursuant to the jury's determination as provided in 13 V. S. A. §2303. Notification of the rendition of this judgment was given by the county clerk to the attorneys of record for the respondent the same day the judgment order was filed, namely, December 3, 1959. On January 5, 1960, the clerk of the Windham County Court issued its mittimus in the case. Thereafter, on the same day, he received a notice of appeal from the respondent's attorney.

Counsel for the respondent claims that this bare recitation of the facts derived from the record does not disclose his full effort to make timely compliance with the statutes. By affidavit he has called to our attention certain other steps which he took in an attempt to perfect his appeal. Giving him the benefit of what he claims in that regard, we assume his action to have been as follows.

On December 15, 1959, this Court, in response to a petition presented in behalf of the respondent by John S. Burgess, attorney, assigned the latter as counsel for the respondent to act at the expense of the state. He was duly notified to this effect by a letter which he acknowledges he received on or about December 16, 1959. On December 28, 1959, attorney Burgess

wrote a letter to the Windham County Clerk in which he observed that "the time for filing a notice of appeal under 12 V. S. A. §2383 is fast approaching in the above captioned matter * * *." The reference was to the present case and the letter went on to place an order for a transcript of the trial in county court. Thereafter, on December 31, 1959, a notice of appeal signed "Frank Brown by John E. Burgess, his attorney," was mailed to Norman E. Peduzzi, "Clerk of the Supreme Court, Montpelier, Vermont" together with extra copies for the parties and a check for the filing fee in the amount of five dollars. With New Year's day falling on a Friday, we take judicial notice that this letter would not normally come to the attention of Mr. Peduzzi until the following Monday, January 4, 1960. On that date, upon receipt of the appeal papers, Mr. Peduzzi wrote to attorney Burgess as follows:

"Dear John,

These papers on appeal should properly go to the Clerk of the Supreme Court within and for the County of Windham, rather than Clerk of the General Term, who will make the necessary distribution, and I have also endorsed the entry fee over to him as he is responsible for that. George Daley will prepare the docket entries in the case and certify it to us at a later date.

(signed) Norman"

It so happened that the attorney for the respondent was in Supreme Court on January 5, 1960, and, at that time, Mr. Peduzzi told him what he had done. Thereupon, Mr. Burgess immediately telephoned his office in Brattleboro and caused "all the papers in the case" to be handed to George L. Daley who is county clerk for Windham County, and, by virtue of his office, clerk of the Supreme Court for Windham County. By this time, mittimus in the case had already issued as we have previously noted, no notice of appeal having been filed and the time having expired on January 4, 1960.

If the respondent is to sustain his appeal, it must be by reason of the procedure followed by his attorney initially. His subsequent actions did not result in a filing of the notice of

appeal within the required thirty days; hence, for reasons already stated, the belated efforts were entirely ineffectual.

The respondent's predicament would at first seem to arise out of a confusion as to the identity of the clerk of the supreme court. Fairness to counsel prompts us to acknowledge that in a loose colloquial sense, the clerk of the general term is frequently alluded to as the clerk of the supreme court. In ordinary conversation, a reference to the clerk of the supreme court would be generally understood to apply to Mr. Peduzzi with whom counsel first attempted to file his notice of appeal. And this is so even though by a statute of long standing it is provided: "Each county clerk shall be a clerk of the supreme and county court and court of chancery for the county." 4 V. S. A. §601. Moreover, Rule 1 of the supreme court rules is to the same effect. This has all been expounded and emphasized in the case of *Tucker* v. *Eden and Lowell*, 68 Vt. 168, 34 A. 698. Nevertheless, in spite of all this, the loose reference has tended to create something close to a pitfall to the unwary. Apparently because of this, the respondent argues that the statute is ambiguous. It has been held that where this is so the appellant should not be deprived of his appeal because of the statute's uncertainty. *Schoutens* v. *Superior Ct. in and for Los Angeles County*, 97 Cal. App. 2d, 855, 218 P. 2d 999, and compare, *Webb* v. *State of Vermont*, 90 Vt. 65, 96 A. 599.

In this connection we must consider the case of *Essex Storage Electric Co., Inc.* v. *Victory Lumber Co.*, 93 Vt. 437, 442, 108 A. 426. The appeal there, as here, was filed with the wrong clerk. The situation was this: the appellant was seeking to appeal from a decision of the public service commission to the supreme court. The statute relative to such appeals then provided that they were to be taken and entered in supreme court in the same manner as chancery appeals. The latter required a written motion filed with the clerk within twenty days from the date of the decree appealed from. Accordingly, the would-be appellant filed his motion with the clerk of the court of chancery. It was held that the appeal should have been filed with the clerk of the commission and not of the court and that the supreme court, therefore, had no jurisdiction to hear

the appeal. It would seem that the procedure prescribed by the statute for appeals from the public service commission was much more open to the charge of ambiguity than what we have here. In the face of Essex Storage Electric Co., *supra*, it is not easy to accept the respondent's claim of ambiguity.

■ His trouble, however goes deeper than that. In addition to filing his notice of appeal with the wrong clerk of the court appealed to, the respondent made no filing with the clerk of the court appealed from. A notice of appeal should have been filed with the county clerk. The respondent did not do this. The design of the appeal procedure set up by the statute is clear. The appellant is required to show where he is going and where he came from. In keeping with this end, a notice of appeal must be given both to the court appealed to and to the court or tribunal appealed from. Thus, it may be seen that our appeal statute is unlike the procedure embodied in the federal rules which calls for only one notice of appeal. As a result, the decisions of the Federal Courts under their rules are of little help in our present difficulty. It is not for us to read into our procedural act everything that may be found in the federal rules, nor are we to read out of our act everything which it contains that the federal rules do not. Effect must be given to each of the provisions which have been enacted, and it is to be noted that no discretionary latitude for hardship cases has been vested in the Court by the legislature.

If all that the Legislature meant to require was a manifestation, in some form, of an intent to appeal, it would never have provided for a two-pronged notice of appeal. One notice would have been sufficient to show that. Beyond that, however, it can not be said that the letter from respondent's counsel ordering a transcript fairly indicated to the county clerk that an appeal was being taken. On the contrary, it informed the clerk that counsel had in mind that a deadline was approaching and that a notice of appeal was necessary if an appeal was to be taken. This notice failed to arrive within the statutory time.

The practical importance of filing a notice of appeal with the clerk of the court appealed from is well illustrated by this case; for, when the time for taking an appeal has expired, and no notice of appeal has been filed with the clerk of the court below, the clerk of that court quite naturally and properly assumes that no appeal has been taken. As a normal consequence, he issues his mittimus as he did in this case. Having done so, he is not to be put in the vulnerable position of not being able to rely on the statute.

It follows from the foregoing that whatever effect is given to the filing of the appeal notice with the clerk of the general term, we are still confronted with a fatal departure from the provisions of the statute with respect to the filing of a notice of appeal with the county clerk.

In making this determination, we are well aware of the seriousness of the situation and all its attendant consequences. This is not the first time, however, that a court has had to struggle with a problem of this sort. In the very recent case of *United States* v. *Robinson,* (1960) 361 U. S. 220, 80 S. Ct. 282, 288, 4 L.Ed. 2d, 259, two respondents were convicted of manslaughter and filed notices of appeal twenty-one days after judgment instead of the required ten days. The government moved to dismiss the respondents' appeals for want of jurisdiction. Although the lower court found excusable neglect, (something our statute does not provide for) the United States Supreme Court reversed the Court of Appeals saying that the taking of an appeal within the prescribed time is mandatory and jurisdictional. The Supreme Court observed: "That powerful policy arguments may be made both for and against greater flexibility with respect to the time for taking appeal is evident. But that policy question, involving, as it does, many weighty and conflicting considerations must be resolved through the rule-making process and not by judicial decision * * *."

■■ It should be borne in mind that there is no constitutional right of appeal. *Miles Block Co.* v. *Barre & Chelsea R. R. Co.,* 96 Vt. 526, 121 A. 410; *Roddy* v. *Fitzgerald's Estate,* 113 Vt. 472, 475, 35 A.2d 668. Although by failing to take

advantage of the method prescribed for appeal, the respondent has left this Court without jurisdiction to consider his case, he has not been deprived of due process.

The respondent has cited to us a number of cases in which this Court has relieved counsel of the consequences of a late appeal by granting a petition for a new trial. There is no doubt but that this Court has used such a petition as a device for relieving a would-be appellant from the loss of his appellate review. See *Nelson* v. *Marshall*, 77 Vt. 44, 58 A. 793; *Hotel Vermont Co.* v. *Cosgriff*, 89 Vt. 173, 94 A. 496; *Reynolds* v. *Romano*, 96 Vt. 222, 118 A. 810; *Walsh* v. *Cole*, 97 Vt. 459, 123 A. 850. A petition for a new trial, however, is not before us, and it is to be noted that relief of this sort has never been granted except in those cases where the right of appeal has been lost by reason of circumstances other than those arising from the fault of the petitioner.

*Appeal dismissed. The motion for reargument is denied. Let full entry go down.*

**Holden, J. (dissenting).** I am unable to concur in the dismissal of this appeal. It is my view that jurisdiction was transferred to the Supreme Court before time ran out.

The function of notice of appeal is to inform the parties and the courts affected by the transfer of the cause that the controversy has not ended so that they may respond accordingly. *Appeal of Maurice*, 117 Vt. 264, 269, 90 A.2d 440. The form of the notice is not essential to jurisdiction, only its timing is vital.

The right and power of appellate review should not be withheld on a procedural deformity, or by a narrowed interpretation of the language of the enactment. Statutes giving and regulating the right of appeal are remedial. They are entitled to liberal and objective construction to further, rather than restrict, the right of review. *In re Estate of Pringle*, 119 Vt. 8, 9, 117 A.2d 379; *Appeal of Maurice, supra*, 117 Vt. at 268, 90 A.2d at 443; *In re Walker Trust Estate*, 112 Vt. 148, 151, 22 A.2d 183.

Rule 73 of the Federal Rules of Civil Procedure is the root and stock of the method of appeal, civil and criminal, prescribed in 12 V. S. A. §§2382 and 2383. In common with its federal antecedent, our statutory rules abolish bills of exception and furnish a uniform method of appeal. Its basic requirements are lifted verbatim from Rule 73. There are but two significant variations. One requires that notice of appeal be given to the court to which the appeal is taken; the other provides that mailing to the persons named is equivalent to filing. Our adaption adds no restriction as to the form of notice. And it does not refute the federal adjudications concerning substantial compliance.

It is the settled doctrine of statutory interpretation that when a statute is adopted in this state from another jurisdiction or country, the judicial decisions construing the forerunner to our enactment must be given effect. We take it that the language of our statute is used in the sense given to it by the prior adjudications of the foreign source, unless some other meaning is provided in the derivative enactment. *Giguere* v. *E. B. & A. C. Whiting Co.*, 107 Vt. 151, 157, 177 A. 313, 98 A. L. R. 196; *In re Martin's Estate*, 96 Vt. 455, 457, 120 A. 862; *Bousquet* v. *Howe Scale Co.*, 96 Vt. 364, 371, 120 A. 171; *Warner* v. *Warner's Estate*, 37 Vt. 356, 360; *Adams* v. *Field*, 21 Vt. 256, 266. So it is that the construction given rule 73 by the federal adjudications, in effect, were adopted with 12 V. S. A. §2382. *In re Martin's Estate, supra*, 96 Vt. at 467, 120 A. at 862.

At the time the legislature sought to reform our appellate procedure by No. 261 of the Acts of 1959, including 12 V. S. A. §§2382 and 2383, the federal decisions, construing the Federal Rules of Civil Procedure, had long settled the question that now confronts us. A timely petition for leave to appeal *in forma pauperis* constitutes substantial compliance with the notice of appeal requirement under rule 73. *Burdix* v. *United States*, 9 Cir., 1956, 231 F.2d 893, 894, cert. den. 351 U. S. 975, 76 S. Ct. 1041, 100 L.Ed. 1498; *Des Isles* v. *Evans*, 5 Cir., 1955, 225 F.2d 235, 236; *Shannon* v. *United States*, 1953, 93 U. S. App. D. C. 4, 206 F.2d 479, 481; *Fishbaugh* v.

*Armour & Co.*, 4 Cir., 1950, 185 F.2d 541, 542. See 3A Barron and Holtzoff, Federal Practice and Procedure, Rules Edition, §1553, p. 72.

In the Burdix appeal, *supra*, the respondent was convicted of a narcotics offense, in violation of the laws of the territory of Alaska. No notice of appeal was filed according to the federal rules, but the respondent presented timely and contemporaneous applications to the District Court and to the Circuit Court of Appeals for leave to appeal *in forma pauperis*. Both applications were denied. The Government moved to dismiss the appeal, and urged the appellate court refuse to consider the cause on the merits for the reason that no notice of appeal had been filed as required by the federal rules. The appellate court denied the motion to dismiss, considered the appeal and went on to affirm the conviction. In so doing, it held there was compliance, in substance, if not in form, with the notice requirement of rule 73. We have uncovered no conflict in the authority of this decision nor in the federal precedents upon which it is founded.

On the day judgment was entered, the respondent requested leave of the Supreme Court to appeal his conviction as an indigent appellant. His request was granted prior to December 16, 1959. In so doing, we performed a juridical act, recognizing the transfer of jurisdiction to this Court, all within the appeal time prescribed. On December 28, 1959, well within the jurisdictional time limit, his assigned counsel took a further step in the appellate process. He ordered the transcript of the proceeding below, required by Rule 4A, Rules of Practice in the Supreme Court and Rule 31 (5), Rules of Practice in County Court. In this communication, counsel notified the Windham County Clerk, the clerk of the trial and appellate courts, that the respondent's request for assignment of counsel to "perfect his appeal" and his need for a transcript at state expense had been granted by the Supreme Court. This notice became filed within the meaning of 12 V. S. A. §2383 when mailed to the clerk. *See Abbadessa* v. *Tegu*, 121 Vt. 496, 498 160 A.2d 876, decided at the current term. The contents of this communication to the clerk of the trial court, confirming the fact that this

Court had granted the respondent's petition to perfect his appeal as an indigent appellant, should constitute adequate notice of appeal within the meaning and purpose of the new enactment.

This appeal and the federal cases which support it are clearly distinguished from *United States* v. *Robinson,* 1960, 361 U. S. 220, 80 S. Ct. 282, 4 L. Ed. 2d 259, cited by the majority. There no action was taken in the period allowed for notice of appeal. The conviction was permitted to lie dormant for eleven days beyond the appeal period. The power of the courts was extinguished by the expiration of the appeal time, without any action on the part of the appellant to signify his intention to appeal. The rule is necessary to fix a terminal point where it can be said the litigation has ended.

To my mind, this appeal has a different bearing. The conviction of the respondent has not been at rest. The appellate process was set in motion on the day the judgment was entered. The essential fact that an appeal had been undertaken was brought home to each court concerned and to the prevailing party on the trial below,—all within the time prescribed.

The dismissal of this appeal on a precise refinement of the new enactment will obstruct the operation of the judicial process. I view this result as counter to the purpose of the recent statutory rules of procedure, for they were designed to remove old impediments to appellate review.

It is on these considerations that I believe that the Court's power to deal with this proceeding has not been concluded. We should proceed to the merits of the appeal.

Mr. Justice Barney joins in this opinion.