## Leonard J. Abbadessa v. Peter Tegu et al

[160 A.2d 876]

March Term, 1960

Present: **Hulburd, C. J., Holden, Shangraw, Barney and Smith, JJ.**

Opinion Filed May 3, 1960

*Richardson & Caldbeck* and *Harvey B. Otterman, Jr.* for the plaintiff.

*Witters, Longmoore & Akley* and *Wilson & Keyser* for the defendants.

**Smith, J.**   The defendants have brought this motion to dismiss the appeal to this Court from the Orange County Court on the ground that the plaintiff failed and omitted to file separate notices of appeal with the clerk of the Supreme Court for Orange County, and the clerk of the Orange County Court,

respectively, in accordance with the provisions of 12 V. S. A. §2382.

The pertinent part of 12 V. S. A. §2382, upon which the motion of the defendants to dismiss is based, reads as follows:

> "In any action or proceedings, civil or criminal, appealable from any court (except a justice court) commission, board, agency or department of the state or any political subdivisions thereof, appeal may be taken by the filing of a notice of appeal as hereinafter set forth with (1) the clerk of the court appealed to and (2) the clerk or Register of the tribunal appealed from or the commissioner as the case may be."

The provisions of 12 V. S. A. §2383 relative to such filing is:

> "Filing shall consist of delivery by hand or by mailing such notice of appeal to the persons specified in Section 2382 of this title."

The record before us indicates that one notice of appeal was received by O. Fay Allen, Jr. on Feb. 3, 1960. On the jacket of the notice of appeal appear the words: "Filed and copies mailed, Feb. 3, 1960, O. Fay Allen, Jr. Clerk." Because of the provision of 4 V. S. A. §601 "Each county clerk shall be clerk of the supreme and county court and court of chancery, for the county," O. Fay Allen, Jr. is clerk of both the Orange County Court and of this Court for Orange County. It is his duty to "make and keep dockets of the causes pending in the respective courts, and at each term of the court, furnish each of the justices or judges with a copy of the docket for that term." 4 V. S. A. §602.

It is the defendants' contention here that jurisdiction is lacking because two notices of appeal were not filed with Mr. Allen by the plaintiff in this cause, one such notice with him in his capacity as clerk of this Court for Orange County, and another, an identical notice of appeal, with Mr. Allen in his capacity as clerk of the Orange County Court. The defendants do not state in which of his two capacities Mr. Allen did file the notice of appeal that he received, although it is interesting to note that in a letter from the deputy clerk of the Orange

county Court to the clerk of the General Term of this Court, the notice of appeal is among the certified copies of the docket entries of the Orange County Court.

■ ■ In deciding the question presented to us by the motion to dismiss it is necessary for us to consider the purpose of the statute as intended by the legislature. In the interpretation of statutes the fundamental rule is to ascertain and give effect to the intention of the legislature, and, if it can be fairly done, a statute must be construed to accomplish the purpose for which it was intended, and should not be construed so strictly as to defeat its purpose. *State* v. *Severance*, 120 Vt. 268, 274, 138 A.2d 425, and cases cited thereunder. Statutes giving and regulating the right of appeal are recognized as remedial in their nature and should receive a liberal construction in furtherance of the right of appeal. *Appeal of Maurice*, 117 Vt. 264, 268, 90 A.2d 440. *In re Walker Trust Estate*, 112 Vt. 148, 151, 22 A.2d 183.

■ There can be no doubt that it was the legislative intent that notice of appeal should be filed with the proper officer of the court or body from whom the appeal is taken, as well as with the designated officer of the reviewing tribunal. Nor can it be doubted that when one person is the clerk of the tribunal appealed from, while another and different person is the clerk of the court of review, that a notice of appeal is required to be filed with each of these two persons. See *Parker* v. *Weaver*, 110 Vt. 20, 1 A.2d 729.

The filing of the notice of appeal, under 12 V. S. A. §2382, is accomplished by delivery to the "persons specified." The ordinary and common meaning of the word "person" is a human being. And, although the word has been held to have a broader meaning under some statutes, under the above section of the statutes it is obvious that the legislature intended that the filing of the notice should be with the human being who holds the office to which delivery should be made.

The clerk of a county court, and the clerk of the supreme court for that county, are the same person by virtue of the

Statute, 4 V. S. A. §601. The legislature did not provide in 12 V. S. A. §2383 that a certain number of notices of appeal should be filed, which it could have done if it so intended. What was specified was that a notice of appeal must be filed with the persons who hold the clerical offices in both the lower and appellate courts, so that both the court appealed from, and the court appealed to, would have notice of the appeal.

■ The filing of a single notice of appeal with a person who is clerk of both the courts involved is sufficient to notify him, and through him the respective courts that he serves, of the taking of the appeal, and the legislative requirement is satisfied. It would take specious and strained reasoning to believe that a person serving both courts would be of such a dual personality that it would take one notice of appeal to notify him as to his responsibilities as clerk of the county court, and that another, and identical notice of appeal, would be needed to cause him to function as clerk of the supreme court.

The case of *State* v. *Brown*, 121 Vt. 459, 160 A.2d 879, decided at this same term, is readily distinguishable from the case at hand. In the Brown case no notice of appeal was filed within the time limited by the statute with the clerk of the Windham County Court, either in his capacity as clerk of the Windham County Court, or of this court for Windham County. As stated in the Brown case by Chief Justice Hulburd, "no notice of appeal having been filed with the clerk of the court below, the clerk of that court quite naturally and properly assumes that no appeal has been taken."

Here, a notice of appeal was filed with the person, who, by virtue of law, was clerk of both the court appealed from and the reviewing court, and within the time provided for by the statute. The notice of appeal was made a docket entry on the county court records, and the case was passed to this Court.

*Motion denied.*