## Alden W. Burnes and Daphne S. Burnes
### v.
## Franklin N. Garfield, Sr.

[ 209 A.2d 477 ]

February Term, 1965

Present: **Holden, C. J., Shangraw, Barney, Smith and Keyser, J. J.**

Opinion Filed April 6, 1965

*McKee & Clewley* for petitioners.

*M. Martin Leinwohl* for petitionee.

*Davis, Martin & Free* for listers of Town of East Montpelier, intervenor.

**Shangraw, J.** This is a petition for a writ of mandamus addressed to an associate justice of the Vermont Supreme Court, and by him made returnable to this Court under the provisions of 12 V.S.A. §4041.

The petitioners are taxpayers of the Town of East Montpelier, Vermont. The defendant, Franklin N. Garfield, Sr., is the agent of the town to prosecute and defend suits in which the town is interested. Defendant Garfield has filed in this Court an answer to, and a motion to dismiss the petition. Bradford Lane, a resident, taxpayer, and chairman of the board of listers of the Town of East Montpelier intervened in the proceedings and has also filed a motion to dismiss the petition.

We are here concerned with an attempted appeal taken by the town agent of East Montpelier to the commissioner of taxes from the decision of the board of civil authority upon an appeal thereto from the action of the listers in respect to the grand list of the town for the year 1964. This purported appeal was taken pursuant to the provisions of 32 V.S.A. §4441. The petitioners now seek a writ of mandamus to compel the town agent to amend and perfect the appeal to the commissioner of taxes by furnishing certain data requested by the commissioner.

32 V.S.A. §4441, in so far as here material, provides:

"(a) A taxpayer aggrieved by a decision of the board of civil authority upon an appeal thereto from the action of the listers in respect to the grand list within twenty-one days after the day the notice was sent by the town clerk advising the taxpayer of the board's decision may appeal therefrom in writing to the commissioner, briefly setting forth the grounds upon which such appeal is based, and, if the same relates to the appraisal of real or personal property, a brief description thereof and its location. For the purpose of computing the time limit for filing appeals with the commissioner, the first day shall be considered the next day after the mailing of notice to the taxpayer by the town clerk..."

"(b) On or before the last day whereon appeals can be taken from the decision of the board of civil authority, the agent of the town to prosecute and defend suits in which the town is interested, in the name thereof, may, and on written application of one or more taxpayers of the town whose combined grand list represents at least

one per cent of the grand list of the town for the preceding year, shall thus appeal from any action of the listers therein, in respect to the grand list and from any decision of the board of civil authority upon an appeal thereto from the action of the listers. In his discretion and upon such terms as he shall prescribe, the commissioner may allow an appellant to amend the form or substance of such written statement."

Pursuant to the provisions of section 4441 (b) supra, the petitioners and other taxpayers, whose combined grand list represented at least one per cent of the grand list of the town for the year preceding 1964, made written application to the town agent to appeal to the commissioner of taxes from the decision of the board of civil authority. Such application was served on the town agent August 10, 1964, who filed his appeal with the commissioner of taxes on August 19, 1964.

The board of civil authority, after due hearing of plaintiffs' appeal thereto, and by other taxpayers within the town, recorded its decision with respect to such appeals with the town clerk of East Montpelier on the 21st day of July 1964. On July 22, 1964 the town clerk sent a notice in writing to the plaintiffs and to all others who had appealed the decisions of the board of civil authority, of the decision of the board.

Under the statute, section 4441 (a) supra, the plaintiffs and all other taxpayers aggrieved by the decision of the board of civil authority had a period of twenty-one days after July 22, 1964 within which to cause an appeal to be taken to the commissioner of taxes. This twenty-one day period within which an appeal could be taken by the town agent under the provisions of section 4441 (b) supra, also applied to him. The last day for any taxpayer, including the town agent, to file an appeal with the commissioner was the 12th day of August 1964. Not until August 19, 1964 did the town agent file his appeal.

While the motions to dismiss petitioners' complaint set forth several grounds in support thereof, the jurisdiction of the commissioner of taxes to entertain the appeal is challenged for failure on the part of the town agent to appeal within the statutory period.

The statute, section 4441 supra, fixes the time within which the appeal must be taken. This is mandatory. Once the time had expired, such as here, the commissioner was left without authority to act. See *State* v. *Brown*, 121 Vt. 459, 160 A.2d 879, and cases cited.

The petitioners are confronted with a jurisdictional barrier which defeats their requested relief in this proceeding.

*Petition dismissed.*