## Mary Levin Sarazin v. Vermont Board of Bar Examiners

[639 A.2d 71]

No. 93-176

Present: Allen, C.J., Gibson, Dooley, Morse and Johnson, JJ.

Opinion Filed February 18, 1994

*Mary Levin Sarazin,* pro se, Vershire, and *William A. Loftus* and *Melissa A. Martin* of *Nighswander, Martin & Mitchell, P.A.,* Lebanon, New Hampshire, for Plaintiff-Appellant.

*Jeffrey L. Amestoy*, Attorney General, and *Geoffrey A. Yudien*, Assistant Attorney General, Montpelier, for Defendant-Appellee.

*James M. Dingley*, Burlington, and *Robert A. Gensburg*, St. Johnsbury, for amicus curiae ACLU.

**Gibson, J.** Applicant Mary Levin Sarazin appeals from a decision of the Vermont Board of Bar Examiners holding that the rule requiring four-year clerkship applicants for the Vermont bar[1] to pursue their clerkships only at firms located in Vermont is a "bright line" rule that may not be waived. We hold that the in-state requirement is waivable and remand for further consideration of Ms. Sarazin's application.

█ We have original jurisdiction over appeals from the Board of Bar Examiners. Rules of Admission to the Bar of the Vermont Supreme Court (V.R.A.B.) § 14(b). The Board contends that applicant's appeal was not timely and should be dismissed, but since we are being asked to construe our own rule and since applicant could follow a dismissal with another application for a four-year clerkship, we shall assume jurisdiction in the interests of judicial economy.

Applicant is a legal assistant at the firm of Nighswander, Martin & Mitchell in Lebanon, New Hampshire. She was hired in October 1992, after having completed part of her four-year clerkship at the Vermont Attorney General's office. She took the Nighswander position with the understanding that William Loftus, a partner in the firm and a licensed Vermont attorney with an active Vermont practice, would be her supervising attorney.

When applicant notified the Board that she had commenced study at the Nighswander firm, the Board informed her that she would have to petition for approval if she wished to continue her clerkship under the supervision of Mr. Loftus. This was because V.R.A.B. § 6(g)(1) requires four-year clerkships to be performed "within this state."

---

[1] Vermont permits candidates for admission to the bar to qualify to take the bar examination on the basis of four years of study in a law office, without any formal law school training. V.R.A.B. § 6(g)(1). Only three other states, California, Virginia, and Washington, allow candidates to enter the practice of law in this fashion.

Applicant requested a waiver of the in-state requirement, stating that the Nighswander office was located within three miles of the Vermont border and that, aside from the geographical location of the office, she was otherwise in compliance with the requirements of the rules.[2] After review, the Board notified applicant that "it does not find anything in your letter which would compel it to recommend a waiver of Rule § 6(g)(1) to the Supreme Court," and "that in your case where your job responsibilities will not necessarily be restricted to Vermont matters or to work on behalf of Vermont attorneys, it will be very difficult to monitor or maintain this to any degree over the very long period of time which you have remaining in your clerkship."

Applicant requested a reconsideration of this ruling. The Board replied that § 6(g)(1) "creates a 'bright line' test," and that it did not believe a waiver would ever be appropriate except perhaps in "extraordinary circumstances and even then, where only a minor portion of the clerkship would take place outside of the State of Vermont."

On appeal, applicant argues that the "bright line" test articulated by the Board is an arbitrary and unreasonable application of § 6(g)(1). She also contends that the Board's decision deprives her of various constitutional rights, including the right to liberty, due process, and the equal protection of the laws under the Vermont and United States constitutions.

The Board's position is essentially as stated in its correspondence to Ms. Sarazin. It contends that the rule is clear on its face and the plain meaning should govern, and that if there is any ambiguity, this Court should give deference to the interpretation of the Board. In addition, the Board argues that the constitutional claims are without merit because the need for oversight and supervisory efficiency supplies a rational basis for the in-state requirement of § 6(g)(1). See *Schware v. Board of Bar Examiners*, 353 U.S. 232, 239 (1957) ("[A]ny qualification [for admission to the bar] must have a rational connection

---

[2] This appeal concerns only the waivability of the V.R.A.B. § 6(g)(1) in-state requirement. The Board made no determination whether applicant's clerkship at the Nighswander firm otherwise conforms to the requirements of V.R.A.B. §§ 6, 8, or any other applicable provisions.

with the applicant's fitness or capacity to practice law."). Since we hold that the § 6(g)(1) in-state provision is waivable, we do not reach the constitutional issues. See *Monti v. State*, 151 Vt. 609, 614, 563 A.2d 629, 632 (1989) (holding that it is Court's policy not to consider constitutional questions when not necessary to final determination).

■ The rules for admission of attorneys contain a number of authorizations for waiver in special circumstances. See, e.g., V.R.A.B. §§ 6(*l*) (with Court's approval, Board may allow applicant partial credit for study not meeting minimum requirements "as the Board shall deem just and equitable"); 8(g) ("[f]or good cause shown," Board may extend period for submission of required notices and certificates); 9(d) (application fee may be refunded "upon a showing of extraordinary circumstances necessitating withdrawal"); 13(d) ("[i]n its discretion," Board may, "for good cause shown," waive limitations on intern status for one who, after two attempts, has failed to pass all sections of the Vermont Bar examination); 14(e) (Board may make "special provisions for application, examination and admission of the handicapped"). These provisions evince a recognition that case-by-case determinations may be necessary in order to assure fair treatment of applicants who present unusual or extraordinary circumstances.

The gravamen of applicant's appeal is that the "bright line" test followed by the Board would preclude her from qualifying for a four-year clerkship when, all other things being equal, the only difference in her situation from that of other four-year clerks is her location outside the state. She contends that the quality of the supervision provided by a law firm is not necessarily a function of its geographic location. We agree.

■ As applicant points out, multi-state practices are not uncommon along Vermont's borders. It is not a foregone conclusion that a Vermont firm will afford a clerk more or better exposure to Vermont law simply by virtue of its physical location in Vermont. We note that V.R.A.B. § 7(d), governing the clerkship requirement for an attorney seeking admission on motion from another jurisdiction, requires only that the applicant perform a clerkship with "an attorney practicing in this state," with no requirement that the attorney's office be located

within this state. Although § 6(g)(1) contains no express authorization for a waiver of the "within this state" provision, the use of a "bright line" rule, with no consideration being given to an applicant's compliance with other essential requirements of the rules, could lead to unreasonable results. We hold, therefore, that, for good cause shown, the Board may waive the in-state requirement of § 6(g)(1).

We invite the Board to recommend an amendment to the rules consistent with the holding herein. See V.R.A.B. § 1(h) (Board's annual report to Court may include recommendations concerning proposed rule amendments).

*The decision of the Vermont Board of Bar Examiners is reversed, and the case is remanded for consideration by the Board of applicant's request for a waiver of the requirement that she clerk with an attorney "within this state."*