2008 VT 26

**In re James H. HART**

[949 A.2d 447]

No. 07-305

¶ 1. March 14, 2008. Pursuant to § 6 of the Rules of Admission to the Bar, the Board of Bar Examiners recommends that this Court deny James Hart's request to sit for the Vermont Bar Examination, and deny his request for credit toward the law office study requirement. We adopt the Board's recommendation. See *Sarazin v. Vt. Bd. of Bar Examiners*, 161 Vt. 364, 365, 639 A.2d 71, 71 (1994) (Supreme Court has original jurisdiction over appeals from the Board of Bar Examiners).

¶ 2. The record indicates the following. Mr. Hart graduated from an unaccredited law school, Novus School of Law, and he applied to sit for the Vermont bar examination. The Board denied his request, finding that he failed to meet the eligibility requirements of § 6. As the Board explained, it could not determine if Novus purported to be an international or United States law school. If it was considered an international law school, Mr. Hart failed to show that he had been "admitted to the bar of a court of general jurisdiction in another country" and that he had "maintained good standing or resigned in good standing following such admission." *Id.* § 6(h)(3)(A). If Novus was a United States institution, Mr. Hart failed to show that the school was in the process of seeking accreditation by the American Bar Association (ABA) or approval by the American Association of Law Schools (AALS). *Id.* § 6(h)(3)(B). Consequently, the Board recommended that this Court deny Mr. Hart's request to sit for the bar exam.

¶ 3. Mr. Hart filed a motion for reconsideration, which the Board denied. In its

decision, the Board also denied Mr. Hart's supplemental request that he be granted credit toward the law office study program under § 6(j). The Board found that neither the materials submitted by Mr. Hart, nor Novus's website, provided any substantive information about the scope, rigor or quality of the educational opportunities offered through that institution. The Board also considered Mr. Hart's studies at another unaccredited law school, Southern New England School of Law, which had occurred between eight to sixteen years earlier. The Board found that these studies would not qualify Mr. Hart for credit toward the clerkship, primarily because of their staleness. Moreover, the Board found, Mr. Hart had been placed on academic probation at least six separate times while at Southern New England School of Law, and he was academically dismissed on three separate occasions. For these reasons, the Board explained, it could not recommend that Hart be allowed any credit toward the four-year clerkship requirement.

¶ 4. We adopt the Board's recommendations. Assuming Novus is a United States institution (and Mr. Hart does not argue otherwise), Mr. Hart needed to establish, among other things, that the school was in the process of seeking accreditation by the ABA or approval by the AALS. *Id.* § 6(h)(3)(B). The record is devoid of any evidence, or even an allegation, that Novus is seeking accreditation from these organizations. If Novus is a foreign law school, there is similarly no evidence that the requirements set forth in § 6(h)(3)(A) are satisfied. Because Mr. Hart failed to satisfy the threshold requirements of the rule, there was no need for the Board to determine if Hart had completed an education that was equivalent to graduation from an accredited or approved law school under § 6(h)(3)(C). We agree with the Board that Hart is not entitled to sit for the bar under § 6(h)(3).

¶ 5. We similarly approve the Board's decision to deny Mr. Hart credit toward the law office study requirement. Section 6(j) provides in relevant part that when an applicant has successfully completed all or any portion of the course of study in a law school not approved by this Court, the Board, with the Court's approval, may allow the applicant credit for such study and admission as it deems proper. In this case, the Board provided a compelling explanation for its decision to deny Mr. Hart's request. As it explained, there was no evidence by which it could discern the rigorousness of the courses offered at Novus School of Law, and Mr. Hart's course work at Southern New England School of Law was outdated and marked by poor academic performance. We are persuaded by the Board's reasoning and adopt its conclusion. Finally, we note that while Mr. Hart argues in his brief that he should receive credit for his work as a paralegal and law clerk, he fails to explain how this experience fits within the requirements set forth in § 6(j).

*Petitioner's request to sit for the bar examination pursuant to § 6(h) is denied, as is his request for credit toward the law office study requirement.*