Susan Allen

v.

## Vermont Employment Security Board
## Harry F. Newville

v.

## Vermont Employment Security Board

[333 A.2d 122]

Nos. 21-74, 89-74

Present: Barney, C.J., Smith, Keyser, Daley and Larrow, JJ.

Opinion Filed February 4, 1975

*Zander B. Rubin, Esq.*, Vermont Legal Aid, Inc., St. Johnsbury, for Susan Allen.

*Raymond S. Fitzpatrick, Esq.,* for Department of Employment Security.

*Zander B. Rubin, Esq.,* Vermont Legal Aid, Inc., St. Johnsbury, for Harry F. Newville.

*Raymond S. Fitzpatrick, Esq.,* for Department of Employment Security.

**Larrow, J.** Both of these cases are appeals from the Vermont Employment Security Board, briefed and argued together by agreement. In each case, the Board dismissed the claimant's appeal for lack of jurisdiction. In *Allen,* notice of the adverse decision of the claims examiner was sent to claimant by ordinary mail on October 1, 1973, and through confusion with a previous notice received, her notice of appeal was not filed until October 15, 1973. The appeals referee held her appeal timely, but ruled against her on the merits, and she appealed to the Board. In *Newville,* notice of the adverse decision of an appeals referee was sent claimant by certified mail on February 22, 1974, and received by him on February 27, 1974. He appealed this decision to the Board on March 12, 1974.

In the *Allen* case, the Board reversed the ruling of the appeals referee that he had jurisdiction, holding the appeal to him to have been out of time. In the *Newville* case, the Board held itself to be without jurisdiction because the appeal to it was untimely filed. Both cases thus involve similar, though not identical, issues.

In *Allen,* confusion resulted from the involvement of two attorneys; in *Newville,* claimant's attorney went on vacation and did not return until after the appeal period expired. In each case, claimant is represented by different counsel on appeal.

In substance, the issues raised by the certified questions are: (1) Were the respective appeals untimely filed? (2) If so, is this defect fatal to jurisdiction, or may the appeal time be extended for good cause? (3) If the time may be so extended, did good cause exist?

Under the statute applicable to the *Allen* case, 21 V.S.A. § 1348(a), a claimant may, "within ten days after such notice is given, file an appeal . . . with an appeals referee."

As to the *Newville* case, 21 V.S.A. § 1349 provides that "[w]ithin six days after notice of the decision of the referee is given, an interested party may appeal from the decision to the board . . . ." 21 V.S.A. § 1357 provides that an appeal time commences to run from date of personal delivery, from date of receipt when service is by registered mail, and from two days after mailing when service is by ordinary mail. A sworn statement of non-receipt filed within thirty days may be the basis for new notice, and extended appeal, when service is made in the first instance by ordinary mail. By its Rule 17C, the Board has purported, without any cited authority, to equate certified mail with registered mail, and to consider a mailed appeal to the Board to be filed on its postmark date if received within eight days of delivery of a referee's decision to the appellant. The validity of this rule is not argued by either party, and it would not affect the result in either case.

Appellants seek first to invoke V.R.C.P. 6(a) and V.R.C.P. 6(e), claiming them to be applicable when viewed in light of 12 V.S.A. § 2383. In substance, Rule 6(a) excludes Saturdays, Sundays, and legal holidays from prescribed time limitations of less than 7 days, and Rule 6(e) extends such periods for 3 days when service of a notice is effected by mail. 12 V.S.A. § 2383 is the general appeals statute, setting a thirty day appeal period "except as otherwise provided by law" and permitting the supreme court, by rule, to extend the appeal time "to allow a cross appeal or for cause."

■■ Appellants cannot prevail on this contention. The scope of the Rules of Civil Procedure is clearly defined in V.R.C.P. 1. They govern procedure "in the Superior Court in all suits of a civil nature" as well as causes transferred from District Court and appeals to the Superior Court, with stated exceptions. Clearly they do not apply to the cases here in issue. And neither does 12 V.S.A. § 2383, because the appeal periods here involved are "otherwise provided by law," in 21 V.S.A. § 1348(a) and 21 V.S.A. § 1349 above referred to, and also because this Court has not, by any promulgated rule, extended the appeal periods here in controversy. A timely appeal is jurisdictional. *State* v. *Brown*, 121 Vt. 459, 160 A.2d 879 (1960). And the appeal statutes here referred to, unlike those interpreted in *Brown*, stand unamended.

██ ██ The further argument that there is a "serious question" under the Equal Protection Clause of the Fourteenth Amendment does not merit our consideration. We are cited to no cases requiring a state to prescribe identical appeal periods for every type of appeal. And, in any event, not having been raised below, this constitutional question is not for our consideration. *Hanley* v. *United Steel Workers of America,* 119 Vt. 187, 122 A.2d 872 (1956). The same result is indicated with respect to the claim, not asserted below, that the Due Process Clause of the Fourteenth Amendment and 42 U.S.C. § 503(a)(3) require a fair hearing if good cause is shown for the untimely filing of the appeals. Fair hearing was had in each case in the first instance, and there is no constitutional right of appeal. *State* v. *Brown, supra; Roddy* v. *Fitzgerald's Estate,* 113 Vt. 472, 35 A.2d 668 (1944).

Appellants next invoke, in aid of appellate jurisdiction, 21 V.S.A. § 1348(b) and 21 V.S.A. § 1349. Section 1348(b) provides for reconsideration, for good cause, within one year of original determination, of an award or denial of benefits, to be made by the authorized representative of the commissioner. This representative is the claims examiner who makes the original determination; the provision has no application to cases after they are appealed from him, as here. Additionally, no such reconsideration was asked in either case. And, while § 1349 provides that "[t]he commissioner on his own motion may initiate a review by the board" of a referee's decision, the simple answer to appellants' contention is that the Board's jurisdiction is not so aided here, because the commissioner has initiated no such review.

██ ██ Holding as we do that the Board has no inherent power to extend the statutory appeal period except where the statute so provides, as for failure to receive a mailed notice proven by affidavit, we do not reach the question of whether the existence of good cause was, or should have been, determined in the proceedings below. Even the learned dissent in *State* v. *Brown, supra,* predicated its contention of appellate jurisdiction upon the existence of facts indicating that the appellant had taken some, if not all, of the then mandated appellate steps within the prescribed period. And the cases cited by appellants, for the most part, seem to deal with

situations where the applicable statute provided for "good cause" extensions or where the delay involved was due to wrongful or negligent conduct of the administrative authorities. Such cases are not here in point. The Board below correctly held that it was without appellate jurisdiction, and without authority to extend the appeal period here involved. Its decision in each case must be affirmed. *Ayotte* v. *Dept. of Employment Security,* 114 N.H. 147, 317 A.2d 16 (1974).

*Judgment affirmed in each case.*