**Donald O. Elliott v. Department of Employment Security**

[409 A.2d 563]

No. 328-78

Present: Barney, C.J., Daley, Larrow, Billings and Hill, JJ.

Opinion Filed November 5, 1979

*Zander B. Rubin,* South Royalton Legal Clinic, and *Steven F. Stitzel,* Law Student (On the Brief), South Royalton, for Plaintiff.

*Brooke Pearson,* Montpelier, for Defendant.

**Per Curiam.** On April 14, 1978, a determination was made that the claimant intentionally misrepresented or failed to disclose the receipt of earnings during a two-week period in which he received unemployment compensation benefits. On May 2, 1978, claimant filed an appeal to an appeals referee. From an adverse decision of the referee, he appealed to the Vermont Employment Security Board. The Board found that the claimant's appeal to the referee was not timely filed, and that therefore the referee was without jurisdiction to hear it. In each appeal the determination of the investigator was sustained. We affirm the decision of the Board.

The claimant's appeal to the referee was not filed within ten days after notice of the April 14th decision was given, as required by 21 V.S.A. §§ 1347(e) and 1348(a). In the absence of a timely notice of appeal the referee lacked jurisdiction to entertain the purported appeal. *Allen* v. *Vermont Employment Security Board,* 133 Vt. 166, 168, 333 A.2d 122, 124 (1975). Claimant contends that the following letter written by him to the Department of Employment Security, dated April 17, 1978, should be construed either as an appeal or as a request for reconsideration of the April 14th determination:

4.17.78

Dear Sir:

I'm writing to you about my employment. I know someone turned me in because I saw the letter they

wrote here in the St. Johnsbury employment office. Sir I'd like a copy of that letter and the envelope. I want to know who did and think I have that right to know.

Thank you very much,
Donald Elliott

We agree with the Board that this letter could not reasonably be construed as a notice of appeal. At the bare minimum, a notice of appeal "must inform the parties and the tribunals concerned that the proceedings are not concluded so they may respond accordingly." *Badger* v. *Rice*, 124 Vt. 82, 84, 196 A.2d 503, 505 (1963). This letter fails to fulfill even this minimal requirement. It was a request for information as to the identity of an informant, and nothing more.

Claimant's argument that the letter should be construed as a request for reconsideration tolling the time for filing a notice of appeal is totally without merit. Reconsideration of a determination under 21 V.S.A. § 1348(b) is the function of the investigator who made the original determination. *Allen* v. *Vermont Employment Security Board, supra,* 133 Vt. at 169, 333 A.2d at 124. The plaintiff's sole remedy was a timely appeal to the referee. *Id.*

Finally, claimant argues that the appeals period should be tolled because he was misled by the investigator into thinking that the case would not be finally determined until two witnesses were contacted. This argument is similarly without merit. Whatever misapprehension the investigator's statements may have caused was corrected by subsequently sending claimant a written determination that clearly set forth his appeal rights.

*Judgment affirmed.*