# Rebecca Widschwenter v. Board of Bar Examiners

[559 A.2d 674]

No. 87-547

Present: **Allen, C.J., Peck, Gibson, Dooley and Morse, JJ.**

Opinion Filed March 3, 1989

*Rebecca Widschwenter, pro se,* Stowe, Plaintiff-Appellant.

*Jeffrey L. Amestoy, Attorney General, J. Wallace Malley, Jr., Assistant Attorney General,* and *Richelle S. Blanc, Legal Intern,* Montpelier, for Defendant-Appellee.

**Allen, C.J.** Petitioner seeks to overrule the determination of the Board of Bar Examiners denying her credit for one year of her four-year law office clerkship for failure to file two of the six-month affidavits required by § 8(b) of the Rules of Admission to the Bar of the Vermont Supreme Court and denying her request for a hearing.

■ First, we reject petitioner's contention that the proceedings below were governed by the Vermont Administrative Procedure Act. The Board is an arm of this Court and not an "agency" for purposes of the Act. Under 3 V.S.A. § 801(b)(1) an "agency" is a "state board . . . other than . . . the courts . . . authorized by law to make rules or tho determine contested cases." Nor would the present matter be a "contested case" under the Act. While 3 V.S.A. § 809(a) requires that all parties in a contested case "shall be given an opportunity for hearing after reasonable notice," 3 V.S.A. § 801(b)(2) defines "contested case" as "a proceeding . . .

in which the legal rights, duties, or privileges of a party are required by law to be determined by an agency after an opportunity for hearing." The Board was not required by the Rules of Admission to the Bar to conduct a hearing to review a request for waiver of the filing requirements, and the matter before the Board was therefore not a contested case. See *Reed* v. *Department of Public Safety*, 137 Vt. 9, 10-11, 398 A.2d 301, 303 (1979).

■ Although the Board is not an agency, we have previously held that candidates for admission to the bar are entitled to an opportunity for a hearing where issues such as character and fitness are involved. *In re Monaghan*, 126 Vt. 53, 56, 222 A.2d 665, 669 (1966). On the other hand, where candidates seek review of bar examination scores, courts have generally held that due process does not compel a hearing to contest the grade, at least where the right to reexamination is provided. *Tyler* v. *Vickery*, 517 F.2d 1089, 1103 (5th Cir. 1975), *cert. denied*, 426 U.S. 940 (1976); *In re Mead*, 372 Mass. 253, 256, 361 N.E.2d 403, 405, *cert. denied*, 434 U.S. 858 (1977); see Comment, *Review of Failing Bar Examinations: Does Reexamination Satisfy Due Process?*, 52 B.U.L. Rev. 286 (1972).

Petitioner's claim is based on her failure to meet the requirements of clear and determinable procedural guidelines and involves neither her character nor professional qualifications. No claim of fraud, arbitrariness, or mistake is made. Cf. *In re Peterson*, 459 P.2d 703, 704 (Alaska 1969) (challenge to manner of grading exams). There is only a claim that the Board abused its discretion in refusing to relax its rules.

While we cannot conclude that this record demonstrates denial of petitioner's due process rights, we nevertheless are remanding this matter and directing a hearing for the purpose of providing a fuller record "under our inherent powers governing admission to the practice of law and our general supervisory powers pertaining to admissions procedures . . . ." *In re Peterson,* 459 P.2d at 709. On the present record we are unable to determine whether the Board considered and decided if petitioner had demonstrated good cause for failure to file the required certificate. We remand for this purpose. This action should not, however, be read as a mandate for the Board to conduct a hearing in connection with every matter before it, nor to suggest a different result is necessarily indicated.

*Remanded for hearing in accordance with this opinion.*