2008 VT 49

### Steve BALL v. BOARD OF BAR EXAMINERS

[950 A.2d 1210]

No. 07-297

¶ 1. April 11, 2008. Applicant Steve Ball appeals from a decision of the Vermont Board of Bar Examiners denying him credit for a law office clerkship due to his untimely filing of notice. We affirm.

¶ 2. In summer 2005, applicant, then a Vermont Law School student, duly notified the Board of his commencement of a law clerkship in the office of a Vermont attorney and was credited with two months of clerkship toward the three month requirement for admission. See V.R.A.B. 6(i)(1). From late August through early December 2006, applicant pursued a clerkship in the office of Judge Rita Flynn Villa but failed to notify the Board of commencement of the clerkship until April 2007. On April 24, 2007, the Board denied applicant's request for credit for his clerkship with Judge Villa, citing his failure to file the commencement form within thirty days of the beginning of the clerkship as required by the Vermont Rules of Admission to the Bar, and further noting that he had not shown good cause for an extension of time.

¶ 3. Applicant replied to the Board on May 11, 2007, attempting to provide the Board with more information to help it "reach a favorable conclusion." In the letter, applicant explained that his failure to file a timely notice of commencement was a result of his being "busy with school, [his] internship, finding a spring internship in the Boston area, renting [his] house in Vermont, and planning a move." On May 29, the Board received a notice of commencement of clerkship form from applicant for a second clerkship with Judge Villa that began on May

2. At the time, applicant was residing in Massachusetts, and, therefore, he submitted the notice with the phrase "in my office" stricken from the "Certificate of Judge or Attorney." The Board responded on June 12, 2007, provisionally denying applicant's request to waive the requirement that the clerkship take place in the office of a judge or attorney and asking applicant to submit a "specific proposal detailing where [applicant] will be during the clerkship, what [he] will be doing, and how often and in what manner Judge Villa will be supervising." Shortly thereafter, applicant filed this appeal.

¶ 4. On appeal, applicant argues that the Board abused its discretion by denying him clerkship credit under Rule 8 and thereby prohibiting him from gaining admission to the Vermont bar. Alternatively, he contends that the notice requirement of Rule 8 violates the Due Process Clause of the Fourteenth Amendment to the United States Constitution. Finally, he argues that Rule 6, which provides that law clerkships must be completed "in the office" of an attorney or judge "practicing in this state," violates the Privileges and Immunities Clause of the Federal Constitution.

¶ 5. Applicant's first claim, that the Board abused its discretion in rejecting his late notice of commencement of clerkship with Judge Villa, is unsupported by the record. Under Rule 8, applicants are required to notify the Board of commencement of a clerkship within thirty days of the start of the law office clerkship. "In the event that the [applicant] changes to the office of another judge or attorney," he is required to file notice with the Board within thirty days of the change. V.R.A.B. 8(a). "[F]ailure to file a timely certificate may result in the withholding of credit." *Id.* Applicant does not dispute that he filed notice of commencement of his second clerkship several months after the thirty-day deadline. Nevertheless, he argues that he has com-

pleted five months of law office clerkship — exceeding the three-month requirement for admission under Rule 6(i) — and thus, has demonstrated "minimal professional competence necessary to engage in the practice of law." V.R.A.B. 5(b). As such, he claims that the Board acted arbitrarily in denying him credit and thereby abused its discretion.

¶ 6. The Board has broad discretion in enforcing the rules of admission, and we will not set aside its decision unless there is a "strong showing of abuse of discretion, arbitrary action, fraud, corruption or oppression" on its part. *In re Monaghan*, 122 Vt. 199, 205, 167 A.2d 81, 86 (1961). Here, applicant filed notice several months after he had completed his clerkship with Judge Villa, and initially failed to provide any explanation for the untimely notice. The Board considered the evidence before it — the late notice form and a letter requesting that the Board overlook its procedural rules for applicant's benefit — and determined that applicant had failed to demonstrate good cause for the untimely filing. Cf. *Widschwenter v. Bd. of Bar Exam'rs*, 151 Vt. 218, 219, 559 A.2d 674, 676 (1989) (remanding case where it was unclear from the record whether "the Board considered and decided if [the applicant] had demonstrated good cause for failure to file the required certificate"). In his second letter to the Board, applicant attempted to justify his late filing as a result of his busy law school and personal schedule. The Board had discretion to determine whether applicant had good cause to file his notice after the deadline, and it was not unreasonable for it to conclude that the commonplace responsibilities of a law student do not amount to good cause for failure to abide by the rules of admission. See *In re Lund*, 2004 VT 55, ¶ 5, 177 Vt. 465, 857 A.2d 279 (mem.) (ignorance of rules or inattention to detail typically does not amount to excusable neglect). The Board exercised

its discretion appropriately, and thus applicant's first claim of error fails.

¶ 7. Applicant's second claim, that the notice requirement of Rule 8(a) violates the Due Process Clause, is likewise unavailing. Specifically, applicant relies on *Schware v. Board of Bar Examiners of New Mexico*, 353 U.S. 232 (1957), to support his argument that the Board acted arbitrarily when it denied him admission despite his demonstrated competence and thereby deprived him of his due process rights. Applicant's reliance on *Schware* is misplaced. In *Schware*, the Board of Bar Examiners of New Mexico denied the applicant the right to sit for the bar examination, finding that his membership in the Communist Party and arrests for union-related activities over fifteen years earlier rendered him a person of bad moral character. *Id.* at 238. The United States Supreme Court reversed, holding that there was no rational connection between the applicant's former political affiliations and uncharged arrests and his fitness to practice law, and that the Board therefore had acted arbitrarily. *Id.* at 246-47. In contrast, the Board here has in no way foreclosed applicant from admission to the Vermont bar or acted arbitrarily in its decision to deny applicant credit for his second clerkship. Rather, the Board simply enforced the rules entrusted to its discretion, and if and when applicant fulfills both the procedural and substantive requirements of the rules, he will presumably be eligible for admission. Applicant's due process claim is without merit.

¶ 8. Finally, applicant fails to present a viable constitutional claim under the Privileges and Immunities Clause. He argues that Rule 6 is unconstitutional because it creates a "*de facto* residency requirement," which discriminates against out-of-state applicants. In response to our holding in *Sarazin v. Vermont Board of Bar Examiners*, however, the provision in Rule 6(i)(1) now requires only that the mandatory law clerkship be undertaken in the office of a judge or attorney "practicing in this state." 161 Vt. 364, 367-68, 639 A.2d 71, 72-73 (1994) (overruling Board's interpretation of Rule 6 as requiring applicants to complete clerkship in Vermont). Thus, applicant is free to arrange a clerkship with a Vermont attorney whose office is located outside of the state, in closer proximity to applicant. Because Rule 6 treats residents and nonresidents equally with respect to the law office clerkship, applicant's claim under the Privileges and Immunities Clause fails.

*Affirmed.*

Note. Chief Justice Reiber sat for oral argument but did not participate in this decision.