2010 VT 31

**In re Francis BEER**

[996 A.2d 225]

No. 09-231

¶ 1. April 5, 2010. Petitioner challenges the Human Services Board's order dismissing his appeal for being untimely filed. He argues that the Board should have granted him a hearing on the decision by the Department for Children and Families (DCF) substantiating a charge of child sexual abuse of Z.D. and placing petitioner's name on the Child Abuse and Neglect Registry. We affirm.

¶ 2. Although this case involves only the substantiation of the Z.D. case, petitioner's arguments refer repeatedly to actions surrounding the S.S. case, and we therefore include the history of the S.S. case in our brief summary of the facts. In December 2006, DCF opened an investigation into a report that petitioner had sexually abused a child, S.S. On March 16, 2007, DCF sent petitioner notice of its decision to substantiate the S.S. charge. Petitioner requested a commissioner's review of that decision. On August 28, 2007, DCF upheld its substantiation of child sexual abuse of S.S. The charges relating to S.S. were eventually dropped.

¶ 3. Meanwhile, in April 2007, DCF opened a separate investigation into a report that petitioner had sexually abused a different child, Z.D. On December 31, 2007, DCF sent petitioner notice of its decision to substantiate the Z.D. charge. Petitioner's failure to appeal the Z.D. substantiation is the main issue before the Court in this appeal.

¶ 4. The December 31, 2007 notice of substantiation of the Z.D. charge included the following specific instructions on how to appeal the DCF decision:

> If you disagree with this determination and wish to appeal it, you have the right to do so. You must indicate your wish to appeal by 1/17/08. If you do not indicate your wish to appeal by this date, your name will be entered into the Child Abuse and Neglect Registry. I have enclosed a pamphlet that explains your appeal rights and gives you more information about the Child Abuse and Neglect Registry, including how having a registry record may impact you.

The notice then stated that "[i]f you wish to appeal, please write a letter, email, or call," and the notice listed a mailing address, email address, and phone number. The social worker who sent the letter on behalf of DCF also stated that "[i]f you have any questions, please contact me," and she listed her phone number.

¶ 5. Petitioner did not file an appeal of either the S.S. or the Z.D. substantiations

until November 4, 2008, more than nine months after the January 17, 2008 deadline listed in the notice of substantiation in the Z.D. case. The Board held that petitioner's appeal of the Z.D. substantiation was untimely. We agree.

¶ 6. While petitioner alludes to the merits of the underlying case, asserting that he is innocent of the charges brought against him, that issue is not before us. The only issue on appeal is whether the Board erred in determining that it lacked jurisdiction. As the Board recognized, the timely filing of an appeal is a jurisdictional requirement. *Allen v. Vt. Employment Sec. Bd.*, 133 Vt. 166, 168, 333 A.2d 122, 124 (1975) ("A timely appeal is jurisdictional.").

¶ 7. The Board's authority to hear appeals such as this one is limited by statute. Under the statute applicable at the time the Board sent petitioner its decision substantiating the Z.D. case, strict time limits governed the filing of an appeal of substantiations:

> A person alleged to have abused or neglected a child may seek an administrative review of the department's intention to place the person's name on the registry by notifying the department within 14 days of the date the department mailed notice of the right to review in accordance with subsections (a) and (b) of this section. The commissioner may grant an extension past the 14-day period for good cause, not to exceed 28 days after the department has mailed notice of the right to review.

33 V.S.A. § 4916a(c)(1).

¶ 8. Because petitioner's first appeal of the December 31, 2007 Z.D. substantiation was not until November 4, 2008, we need not address whether good cause can be shown for the lateness of his appeal:

even if good cause could be shown, any extension is "not to exceed 28 days after the department has mailed notice," *id.*, and therefore could not encompass a filing that occurred more than ten months after notice. See *In re Middlebury Coll. Sales & Use Tax*, 137 Vt. 28, 31, 400 A.2d 965, 967 (1979) ("When the meaning is plain, the courts must enforce the statute according to its terms.").

¶ 9. The 14-day and 28-day deadlines listed in 33 V.S.A. § 4916a(c)(1) were added in 2007 as part of an amendment to the Child Abuse and Neglect Registry laws. 2007, No. 77, § 1. The deadlines went into effect on September 1, 2007, roughly four months before substantiation in the Z.D. case. *Id.* § 14. These deadlines therefore applied to the December 31, 2007 Z.D. substantiation. We recognize that there was a different appeal period for petitioner for the S.S. case, since the March 2007 S.S. substantiation occurred nearly six months before the amendment went into effect. Petitioner was therefore allowed to appeal the S.S. substantiation "at any time." 33 V.S.A. § 4916(h) (repealed). Indeed, based on the pre-amendment version of the appeal provisions, the Board in fact granted petitioner another hearing on the S.S. substantiation, even though his appeal in that case was filed more than fourteen months after the upholding of the S.S. substantiation. Nevertheless, we hold that the Board correctly held that the amendment reflected in § 4916a(c)(1) applied to the Z.D. substantiation, which occurred after the effective date of the amendment.

¶ 10. This is not a situation where petitioner was being retroactively deprived of a substantive "right, privilege, obligation or liability." 1 V.S.A. § 214(b)(2). The deadlines listed in 33 V.S.A. § 4916a(c)(1) are solely procedural and therefore fall under a general exception to 1 V.S.A. § 214(b)(2), which deals with an amendment's retroactive effects on substantive

rights. See *Myott v. Myott*, 149 Vt. 573, 575, 547 A.2d 1336, 1338 (1988) (noting that new statutory requirements that are "solely procedural" can apply retroactively to cases that are pending at the time the new legislation comes into effect). Further, although DCF was investigating the Z.D. charge before the effective date of the new law, there was no case pending before the Board until DCF substantiated that charge on December 31, 2007. Thus, the deadlines in § 4916a(c)(1) are not in fact being applied retroactively, since petitioner had no appellate rights in the Z.D. case until December 31, 2007, at which point the amendment was already in effect.

¶ 11. The Board held hearings for petitioner in the spring and early summer of 2009, and petitioner argues that at those hearings the Board implied at various points that it might be considering the merits of the Z.D. case. We need not address this argument because it is irrelevant to the Board's jurisdictional determination regarding the lateness of the Z.D. appeal. The Board was correct in holding that petitioner's failure to file a timely appeal deprived the Board of jurisdiction to hold a hearing regarding the Z.D. substantiation. *Allen*, 133 Vt. at 168, 333 A.2d at 124. Thus, as in *Allen*, given how clear the applicable statute is regarding the deadlines for filing appeals, here the Board "correctly held that it was without appellate jurisdiction, and without authority to extend the appeal period" to allow petitioner's late filing. *Id.* at 170, 333 A.2d at 125. It is irrelevant whether the Board referred to the merits of the Z.D. case during hearings that began in the spring of 2009, since nothing that the Board did at that time could retroactively give the Board jurisdiction over the Z.D. case. Simply stated, by the time that the Board held those hearings, petitioner's failure to timely appeal the Z.D. substantiation

precluded the Board from having jurisdiction to review it.[*]

¶ 12. Where petitioner failed to take the steps necessary to secure a merits hearing on the Z.D. substantiation, we find no due process violation here, since petitioner was plainly provided adequate notice of DCF's decision and informed of his right to appeal. See *Town of Randolph v. Estate of White*, 166 Vt. 280, 284-85, 693 A.2d 694, 696 (1997) (as a matter of due process, notice of a zoning violation must state the facts that support the finding of a violation, the action the state intends to take, and information on how to challenge the notice). Tracking these due process requirements, the statutory scheme at issue here requires DCF to notify petitioner of his "right to request a review of the substantiation determination by an administrative reviewer, the time in which the request for review shall be made, and the consequences of not seeking a review." 33 V.S.A. § 4916a(a)(4). DCF did precisely that when it notified petitioner that he "must indicate [his] wish to appeal by 1/17/08," that — if he failed to appeal — his name "will be entered into the Child Abuse and Neglect Registry," and that "having a registry record may impact you" in the ways described in the pam-

---

[*] Similarly, we find no merit in petitioner's additional argument that the Board's actions in the spring of 2009 were invalid because the Board lacked a quorum, because certain hearings were unrecorded, or for other reasons that allegedly deprived petitioner of a fair hearing. Although DCF contests some of these claims — for instance, DCF clearly states in its brief who was present at each hearing and that this constituted a quorum — we need not resolve any of these issues: as explained above, nothing that happened at these later meetings could fix the jurisdictional default that precluded the Board from reviewing the Z.D. substantiation.

phlet accompanying the notice of substantiation. While petitioner claims that he was confused by the entire process, and by the fact that there were two overlapping proceedings involving him, these two proceedings arose out of two separate incidents involving two separate children. There is nothing confusing about the December 31, 2007 notice of substantiation involving Z.D., which is the subject of this appeal. Petitioner failed to take any actions between receiving that notice and January 17, 2008, when his time for an appeal expired, and this inaction cannot be excused by any confusion petitioner had regarding the proceedings. Whatever excuses there may have been for petitioner's untimely filing, we have previously held that there is no due process violation when a board has "simply enforced" its properly noticed filing deadlines, as occurred here. *Ball v. Bd. of Bar Examiners*, 2008 VT 49, ¶ 7, 183 Vt. 628, 950 A.2d 1210 (mem.).

¶ 13. The timely filing of a notice of appeal is not a mere technicality. Rather, this requirement serves specific and important functions:

> A notice of appeal . . . informs the parties and the tribunals concerned that the proceedings are not concluded so they may respond accordingly, and it invokes appellate jurisdiction by accomplishing the transfer of the cause to the reviewing authority while the question sought to be reviewed remains open to appeal. We require strict adherence to deadlines for filing notices of appeal primarily to serve the goal of finality.

*Casella Constr., Inc. v. Dep't of Taxes*, 2005 VT 18, ¶ 6, 178 Vt. 61, 869 A.2d 157 (quotations omitted). To allow petitioner's untimely appeal to go forward here would upset the important principle of finality.

¶ 14. Petitioner's remaining arguments are all without merit. Petitioner seems to raise an equitable estoppel claim when he refers to the time lag between DCF's commencement of investigations against him and DCF's substantiations of those claims. It appears as if petitioner is arguing that because DCF took longer than the statutorily prescribed time to substantiate the Z.D. claim, petitioner should be allowed a longer time to appeal that substantiation. Even assuming that DCF did take longer than what is allowed under statute, and assuming further that the doctrine of equitable estoppel somehow applied in this case, this doctrine could not confer jurisdiction on the Board where none exists. As for petitioner's argument that the Board failed to provide him with copies of all of the documents or records relevant to his appeal, we agree with the Board that this requirement was not triggered. As explained above, because petitioner failed to file a timely appeal of the Z.D. substantiation, the Board was correct in finding that it was without jurisdiction to hold an administrative review conference regarding the merits of the case. Under these circumstances, the Board was therefore not required to disclose any documents to petitioner. See 33 V.S.A. § 4921(c)(2) (referencing § 4916a(d), which requires the disclosure of redacted documents only when an administrative review conference is going to take place).

*Affirmed.*