*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

**ENTRY ORDER**

SUPREME COURT DOCKET NO. 2015-064

JUNE TERM, 2015

| | |
|---|---|
| Brian Farr-Maccione | } APPEALED FROM: |
| | } |
| | } Employment Security Board |
| v. | } |
| | } |
| Vermont Department of Labor | } DOCKET NO. 01-14-013-07 |
| (Vermont Teddy Bear Co., Inc., Appellee) | } |

In the above-entitled cause, the Clerk will enter:

Claimant appeals a decision of the Employment Security Board dismissing his appeal as untimely filed. On appeal, claimant argues that his late filing was due to his disability and requests an extension of the appeal period. We affirm.

The record reveals the following facts. In December 2013, the Department of Labor sent claimant a notice that a claims adjudicator had determined he left his prior employment voluntarily, and was disqualified for benefits. The claims adjudicator also determined that claimant was overpaid benefits of $3800 and was liable for that amount and a penalty for making an intentional misrepresentation. Claimant appealed. A hearing was scheduled before an administrative law judge on January 22, 2014. Claimant did not participate in the hearing. The administrative judge rendered a decision on January 27, 2014, concluding that the record supported the decision of the claims adjudicator. Claimant filed an appeal on November 12, 2014. The Board dismissed the appeal as untimely filed. Claimant then filed this appeal.

An appeal from a decision of the administrative judge to the Employment Security Board must be filed within thirty days. 21 V.S.A. § 1349 (explaining that party must appeal decision to board within 30 days); see id. § 1357 (noting that appeal periods "run from the date of the determination or decision rendered"). Here, claimant's appeal to the Board was well beyond the thirty-day filing deadline. Therefore, the Board lacked jurisdiction and properly dismissed his appeal.

Claimant argues that he has a cognitive disability and should be granted an extension for good cause based on the Department's failure to accommodate that disability. There are no grounds to extend the appeal period. "The law in Vermont has been settled for some time that the Vermont Employment Security Board has no power to extend the appeal period." Hunt v. Dep't of Emp't Sec., 142 Vt. 611, 612 (1983) (per curiam); accord Allen v. Vt. Emp't Sec. Bd., 133 Vt. 166, 170 (1975) (explaining that where appeal to board was untimely, board had no jurisdiction to extend appeal period). Claimant's reliance on 12 V.S.A. § 2383 as a basis for extending the appeal period is misplaced. Section 2383 states:

> Except as otherwise provided by law, a notice of appeal shall be filed within thirty days from the date of the entry of any appealable judgment, order, ruling, decree or sentence of any court, commission, board, agency or department of the state or any political subdivision thereof. The supreme court may by rule provide for extension of the time for appeal to allow a cross appeal or for cause.

Insofar as the appeal period here is "otherwise provided by law" and the Supreme Court has not adopted a rule applicable to this circumstance, there was no basis for the Board to extend the appeal period. See <u>Allen</u>, 133 Vt. at 168 (explaining that 12 V.S.A. § 2328 could not be used as basis to extend time period to appeal to Employment Security Board because appeal period was provided by law and no rule allowed such extension).

<u>Affirmed</u>.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice

_____
Marilyn S. Skoglund, Associate Justice

_____
Harold E. Eaton, Jr., Associate Justice