VERMONT SUPREME COURT
109 State Street
Montpelier VT 05609-0801
802-828-4774
www.vermontjudiciary.org

Case No.        22-AP-294



*Note: In the case title, an asterisk (\*) indicates an appellant and a double asterisk (\*\*) indicates a cross-appellant.  Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

APRIL TERM,   2023

| | |
|---|---|
| Stephen Berry\* v. Department of Labor | APPEALED FROM: |
| | Employment Security Board |
| | CASE NO. 10-21-198-01 |

In the above-entitled cause, the Clerk will enter:

Claimant appeals the decision of the Employment Security Board sustaining the denial of his request to backdate claims for unemployment compensation benefits.  We affirm.

Claimant worked as a bus driver for Student Transportation of America until he left work for medical reasons in February 2021.  He filed an initial claim for unemployment benefits for the week ending February 27, 2021.  He filed weekly claims through the week ending April 3, 2021, when he learned that his claim was denied.  He appealed that decision and stopped filing weekly claims.  In October 2021, an administrative law judge found that claimant was eligible for benefits for claims filed after February 27, 2021, "provided claimant meets all eligibility requirements."

On October 13, 2021, claimant filed a request to backdate his initial claim to September 2020 and add claims for the weeks ending September 19, 2020, to November 7, 2020; December 12, 2020; December 19, 2020; January 9, 2021, to February 20, 2021; and April 10, 2021, to June 12, 2021.[*]  A claims adjudicator denied his request, concluding that his backdating request was untimely for those periods.  Claimant appealed to an administrative law judge, who affirmed the claims adjudicator's decision, and then to the Board, which likewise sustained the decision.

On appeal to this Court, claimant argues that the Department never formally notified him of the denial of his initial claim or warned him that he had to keep filing weekly claims while his appeal was pending in order to be eligible for benefits for those weeks.  He argues that it was

---

[*]  In his backdating request, claimant included the weeks ending March 6 to April 3, 2021, during which he did file weekly claims.  It appears from the record that his claims for those weeks were allowed.  On appeal, claimant appears to also seek benefits for weeks ending June 19, 2021, to October 16, 2021.  Claimant did not include these claims in his backdating request, and they were not addressed by the administrative law judge or the Board.  We therefore do not address his claims for these weeks, as claimant has not preserved the issue for appeal.  See Allen v. Vt. Emp. Sec. Bd., 133 Vt. 166, 169 (1975) (stating issues not raised before Board in first instance will not be considered by this Court on appeal).

unfair to deny him benefits for a time when he would otherwise be eligible. He asks this Court to order the Department to pay him benefits for the claimed twenty-seven weeks plus interest of twenty percent.

Our review of the Board's decision is deferential. 863 To Go, Inc. v. Dep't of Lab., 2014 VT 61, ¶ 8, 196 Vt. 551. We "generally defer to its interpretations of the statutes it is charged with administering, while mindful that they must be construed liberally in favor of claimants to compensate employees laid off involuntarily through no fault of their own." Blue v. Dep't of Lab., 2011 VT 84, ¶ 6, 190 Vt. 228 (quotation omitted). "Absent a clear showing to the contrary, any decisions within [the Board's] expertise are presumed to be correct, valid, and reasonable." Bouchard v. Dep't of Emp. & Training, 174 Vt. 588, 589 (2002) (mem.).

The Vermont unemployment insurance statute provides that "[c]laims for benefits shall be made in accordance with rules adopted by the Board." 21 V.S.A. § 1346(a). Under Board Rule 11, "[t]he effective date established for a new, additional, or reopened claim for benefits will be the Sunday immediately preceding the date the claim is filed." Rules of the Vermont Employment Security Board, Rule 11(A), Code of Vt. Rules 24 005 001, [hereinafter Board Rules] http://www.lexisnexis.com/hottopics/codeofvtrules; see also id. Rule 2(O) (defining "new claim" as "an application for the establishment of a benefit year, a determination of eligibility for benefits, and a determination of a weekly benefit amount"). "An individual's first week of total or partial unemployment . . . shall begin on the first day of the week in which the individual files a new, additional, or re-opened claim for benefits." Id. Rule 11(B). The rules further provide that claimants must file continued weekly claims for each week they are partially or totally unemployed to receive benefits. Id. Rule 11(D). Rule 11(D) states that, "[i]n order to establish eligibility for weeks of total or partial unemployment . . . the claimant shall, except for good cause, file a continued claim for benefits within six days of the week ending date being filed." The rule permits a continued claim to be backdated for good cause if the request is filed within thirteen days of the last day of the week being filed. Id. Rule 11(D)(1).

Here, it is undisputed that claimant did not file weekly claims for any of the periods for which he seeks benefits. After prevailing in his first appeal, he sought to backdate his claim to include seventeen weeks of partial or total unemployment that preceded his initial February 2021 claim and ten weeks afterward. The Board correctly concluded that claimant could not backdate his claim to include the weeks preceding his initial February 2021 claim, as nothing in the statute or the Board's rules authorizes the backdating of a claim prior to the establishment of a new claim. See Ramos v. Dep't of Lab., No. 2019-187, 2019 WL 6524657, at *2 (Vt. Dec. 2, 2019) (unpub. mem.) [https://perma.cc/77RG-YU6R]. As for the period from April to June 2021, claimant filed his backdating request in October 2021, more than thirteen days after the last day of each week in that period. It was therefore plainly untimely under Board Rule 11(D)(1), and the Board properly denied the claim on that basis.

Claimant asserts that he was never told by the Department that he had to keep filing weekly claims while his appeal was pending to be eligible for benefits during that period. However, as discussed above, the Board rules clearly require a claimant to file weekly claims for each week they are unemployed to receive benefits. Further, the Department's unemployment insurance claimant handbook expressly warns claimants that "[i]f you appeal your determination, make sure you continue to file weekly claim certifications each week you are unemployed until a decision on the appeal has been made. Failure to file weekly claim certification[s] may result in a loss of benefits for the weeks not filed for." See Vt. Dep't of Labor, Vt. Claimant Handbook at 18, https://labor.vermont.gov/sites/labor/files/doc_library/B-11Claimant%20handbook%202019.pdf, [https://perma.cc/56WL-R6HG]. Claimant acknowledged that he read this handbook,

which explicitly notified him of the steps he had to take to preserve his claims.  We therefore see no reason to disturb the Board's decision.  Because we affirm the decision below, claimant's motion for this Court to allow him to backdate his claims is denied.

Affirmed.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice

_____
Harold E. Eaton, Jr., Associate Justice

_____
William D. Cohen, Associate Justice