**VERMONT SUPREME COURT**
109 State Street
Montpelier VT 05609-0801
802-828-4774
www.vermontjudiciary.org



Case No. 22-AP-302

*Note: In the case title, an asterisk (\*) indicates an appellant and a double asterisk (\*\*) indicates a cross-appellant. Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

JULY TERM, 2023

| James Duncan* v. Department of Labor (Wright & Morrisey Inc.) | } } } } } | APPEALED FROM:<br><br>Employment Security Board<br>CASE NO. 06-21-161-01 |
| --- | --- | --- |

In the above-entitled cause, the Clerk will enter:

Claimant appeals pro se from the dismissal of his unemployment-compensation appeal. The Employment Security Board dismissed the appeal as untimely filed. We affirm.

The record indicates the following. Claimant sought and received unemployment compensation. The Department of Labor subsequently determined that claimant was not entitled to the benefits he received and that he was liable for the overpayment. A claims adjudicator issued a decision to this effect on May 12, 2021. Claimant filed a notice of appeal from this decision on June 16, 2021. Following a hearing, an administrative law judge (ALJ) dismissed the appeal as untimely filed. The ALJ explained that, by law, an appeal must be filed within thirty days of the determination date and claimant was warned of this requirement in the decision at issue. See 21 V.S.A. §§ 1348(a), 1357 (requiring that appeal be filed within thirty days of determination date). Claimant confirmed at the hearing that he received the determination on May 17, 2021, and that he attempted to appeal the determination on June 16, 2021, which was outside the appeal period. The ALJ found no evidentiary support for claimant's assertion that he attempted to file his appeal before June 16, 2021, although she reviewed the Department of Labor's records to see if there was any correspondence from claimant that might have been overlooked. The ALJ was also unpersuaded by claimant's assertion that he misunderstood the appeal-filing requirements. The ALJ found that the appeal period was clearly stated on the decision. The ALJ recognized that there was no discretion to extend the appeal period, Allen v. Vt. Emp. Sec. Bd., 133 Vt. 166, 168 (1975), and thus dismissed the appeal as untimely filed. The Employment Security Board upheld the ALJ's decision.

On appeal, claimant reiterates his assertion that he was provided incorrect advice about filing a notice of appeal. He questions why a conference date was scheduled if his notice of appeal was untimely, why his former employer was not required to attend the conference, and why the merits of his entitlement to unemployment compensation were not addressed. Claimant contends that he was entitled to the benefits that he received. He states that he attempted to file a notice of appeal within the applicable time frame.

"Absent a clear showing to the contrary," we presume that "any decisions within [the Board's] expertise are . . . correct, valid, and reasonable." Bouchard v. Dep't of Emp. & Training, 174 Vt. 588, 589 (2002) (mem.). The Board's findings will stand "unless clearly erroneous" and its conclusions will be upheld "if fairly and reasonably supported by those findings of fact." Id.

We find no basis to disturb the Board's decision. Claimant was required to file an appeal "within 30 days after notice" of an adverse decision, 21 V.S.A. § 1348(a), and "[r]egardless of the manner of service, [the] appeal period[] shall commence to run from the date of the determination or decision rendered," id. § 1357. See also Rules of the Vermont Employment Security Board, Rule 14(A)(2), Code of Vt. Rules 24 005 001, http://www.lexisnexis.com/hottopics/codeofvtrules ("The notice of appeal must be filed within 30 calendar days from the date of the benefit determination."). A timely notice of appeal is a jurisdictional requirement, and the Board has no authority to extend this period. Allen, 133 Vt. at 168.

This case is not like Buckley v. Department of Labor, No. 2020-286, 2021 WL 1851995 (Vt. May 7, 2021) (unpub. mem.), https://www.vermontjudiciary.org/sites/default/files/documents/ eo20-286.pdf [https://perma.cc/82PM-PCG7], cited by claimant. In Buckley, we reversed and remanded the Board's decision to dismiss an appeal as untimely filed. We found the Board's decision internally inconsistent and unclear as to whether the Board had actually received an earlier notice of appeal that the claimant asserted that he had filed. We remanded to allow the Board to resolve, as a matter of fact, whether it had received a document from the claimant within the appropriate time period.

Unlike Buckley, there is no internal inconsistency in the Board's decision here, and its finding that claimant filed his notice of appeal on June 16, 2021—outside the appeal period—is supported by the record. The Board was not persuaded by claimant's assertion that he was confused or provided with bad advice, and it rejected as unsupported claimant's assertion that he attempted to file an earlier notice of appeal. "[T]he weight of the evidence, the credibility of the witnesses, and the persuasive effect of their testimony is for the trier of fact." LaFountain v. Vermont Emp. Sec. Bd., 133 Vt. 42, 46 (1974). Given the absence of jurisdiction, there was no basis to address the merits of the overpayment decision. The fact that a conference date was initially scheduled does not undermine the untimeliness of claimant's filing. The appeal was properly dismissed as untimely filed.

Affirmed.

BY THE COURT:

_____
Harold E. Eaton, Jr., Associate Justice


_____
Karen R. Carroll, Associate Justice


_____
William D. Cohen, Associate Justice

2