VERMONT SUPREME COURT
109 State Street
Montpelier VT 05609-0801
802-828-4774
www.vermontjudiciary.org



Case No.     25-AP-328

*Note: In the case title, an asterisk (\*) indicates an appellant and a double asterisk (\*\*) indicates a cross-appellant. Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

MARCH TERM,   2026

Remi Onopa\* v. FCA US LLC

}
}
}
}

APPEALED FROM:

Superior Court, Washington Unit,
Civil Division
CASE NO. 24-CV-03712
Trial Judge: Timothy B. Tomasi

In the above-entitled cause, the Clerk will enter:

Plaintiff Remi Onopa, self-represented, appeals from a civil division order granting defendant FCA US LLC's motion to dismiss for lack of jurisdiction.  We affirm.

In August 2023, plaintiff initiated a proceeding before Vermont's Motor Vehicle Arbitration Board under the New Motor Vehicle Arbitration Act, 9 V.S.A. §§ 4170-4181.  That statute—commonly known as the "lemon law"—allows consumers to submit certain automobile-warranty disputes to the Board, which may in turn order the manufacturer to repurchase or replace the vehicle.  Id. §§ 4172(e)(1)(A)-(B), 4173(a)(2); In re Villeneuve, 167 Vt. 450, 452 (1998).

In October 2023, the Board issued an order requiring defendant to repurchase plaintiff's vehicle for $57,516.75.  The order further provided that if the transaction was not completed within thirty days, defendant would be obligated to pay plaintiff an additional 10% of the repurchase amount.  See 9 V.S.A. § 4173(f) (providing that consumer "shall receive an additional 10 percent of the total award if the manufacturer fails to complete" repurchase transaction by "effective date" of Board's order).

Plaintiff returned to the Board in January 2024.  He alleged that defendant did not complete the repurchase transaction within the thirty-day deadline and requested that the Board order defendant to pay him the additional 10% and reimburse him for interest the financial institution holding his vehicle loan charged him after that date.  Following oral argument, the Board issued a decision denying plaintiff's request for additional funds.  It explained that the parties agreed that plaintiff surrendered his vehicle on November 20, 2023, and that at that time he received full payment.  The Board concluded that defendant had until the end of the day on November 20 to complete the buyback transaction and, having satisfied this requirement, did not owe plaintiff any additional payment under the October 2023 order.

Plaintiff filed a petition for reconsideration and, in an order dated August 1, 2024, the Board denied his request. On September 18, 2024, plaintiff filed a document in the civil division titled "NOTICE OF APPEAL" which specified that plaintiff was appealing the Board's August 1 order.

Defendant moved to dismiss, arguing that plaintiff failed to file his notice of appeal within the thirty-day appeal period set forth at 9 V.S.A. § 4176 and the civil division therefore lacked jurisdiction. Plaintiff did not file a timely opposition, and the trial court granted the motion. Plaintiff then moved to vacate the dismissal under Vermont Rule of Civil Procedure 60(b), contending that he did not receive proper service of defendant's motion and was therefore deprived of an opportunity to respond. The court observed that although defendant had filed a certificate of service with its motion to dismiss, it did not timely oppose plaintiff's Rule 60(b) motion or assert that plaintiff had received service. It therefore granted the motion to vacate and required defendant to re-serve the motion to dismiss. Defendant did so, and plaintiff filed a timely opposition. As relevant here, plaintiff argued that his September 2024 filing sought to enforce—not appeal—the Board's decision and therefore should not be dismissed as untimely.

The trial court subsequently granted defendant's motion to dismiss. It rejected plaintiff's contention that his September 2024 filing was properly characterized as an enforcement action, observing that the filing: was, on its face, a notice of appeal; did not purport to assert any enforcement claim; and was not initiated with a summons, service, and complaint as required for such enforcement actions under Civil Rules 3 and 4. The court therefore concluded that plaintiff's filing was an untimely notice of appeal over which it lacked jurisdiction. This appeal followed.[1]

Plaintiff argues that the civil division erred in characterizing his September 2024 filing as a notice of appeal rather than a pleading initiating an enforcement action. He further contends that the court's dismissal deprived him of due process because, he alleges, he relied on the guidance of Board and court staff in pursuing enforcement in the civil division.[2]

---

[1] After plaintiff filed his principal brief, defendant filed a motion titled "OPPOSITION TO APPELLANT'S APPEAL." The motion sought dismissal of plaintiff's notice of appeal to this Court, arguing that plaintiff failed to serve the notice of appeal on defendant's attorney and contending that the arguments raised in appellant's brief were without merit. Plaintiff also requested an award of reasonable attorney's fees and costs. But see V.R.A.P. 39 (setting forth procedures for seeking attorney's fees and costs following entry of judgment on appeal). We issued an order denying the motion but indicated that defendant remained free to raise these arguments in its appellee's brief. Defendant did not timely file a brief. V.R.A.P. 31(a)(2). As a result, none of the arguments raised in defendant's motion are appropriately before us. We nonetheless affirm the order on appeal because, for the reasons set forth below, we conclude that plaintiff has not met his burden to demonstrate reversible error. In re S.B.L., 150 Vt. 294, 297 (1988) ("It is the burden of the appellant to demonstrate how the lower court erred warranting reversal.").

[2] Although plaintiff briefly references "equity" in connection with his due-process argument, he does not identify any specific equitable doctrine under which he contends he is entitled to relief. See V.R.A.P. 28(a)(4) (requiring that appellant's brief include "the issues presented, how they were preserved, and appellant's contentions and the reasons for them—with citations to the authorities, statutes, and parts of the record on which the appellant relies"). To

As the trial court recognized, "[t]he timely filing of a notice of appeal is a jurisdictional requirement." Casella Constr., Inc. v. Dep't of Taxes, 2005 VT 18, ¶ 3, 178 Vt. 61. Whether the court below correctly construed plaintiff's September 2024 filing as an untimely notice of appeal and dismissed it on that ground—and whether it did so consistent with plaintiff's right to due process—are questions of law that we review without deference. In re C.P., 2012 VT 100, ¶ 13, 193 Vt. 29 ("Jurisdiction is a question of law that we review de novo."); In re M.R., 2025 VT 6, ¶ 13 ("We review questions of law, including whether the requirements of due process have been satisfied, de novo." (quotation omitted)).

At the outset, we note that although plaintiff quotes 9 V.S.A. § 4176 as providing that a Board decision "shall be enforceable as a judgment of the Superior Court," this language does not appear in the statute.[3] Rather, § 4176 sets forth a right of appeal from a Board decision to the trial court. Villeneuve, 167 Vt. at 454. It also provides—with limited exceptions not relevant here—that such appeals must be filed within thirty days after delivery of the Board's final decision. 9 V.S.A. § 4176(a)(2). Section 4176 thus lends no support to plaintiff's contention that his September 2024 filing should have been interpreted as a pleading initiating an enforcement action rather than a notice of appeal.

Nor can we discern support for that argument elsewhere in the statute or the record. As the trial court observed, plaintiff expressly designated his filing as a notice of appeal; he made no reference to an enforcement claim and did not file in accordance with the procedural requirements for an independent civil action. Moreover, because the Board concluded that plaintiff was not entitled to the additional sums he requested, the August 2024 order identified in plaintiff's September 2024 filing did not impose any obligations that could have been subject to "enforcement." The civil division did not err in construing plaintiff's filing as what it purported to be—a notice of appeal from the Board's decision.

Plaintiff also argues that the trial court's dismissal deprived him of due process. He contends that, as a self-represented litigant, he relied in good faith on written and verbal instructions from Board and court staff who allegedly "directed him to pursue enforcement in the Superior Court." This argument is predicated on factual assertions not reflected in the record; because our review is constrained to the record, we cannot consider plaintiff's argument to the extent it turns on these assertions. Hoover v. Hoover, 171 Vt. 256, 258 (2000) ("On appeal, we cannot consider facts not in the record.").

---

the extent plaintiff intended to raise a freestanding equitable argument, we do not address it because it is inadequately briefed. Pcolar v. Casella Waste Sys., Inc., 2012 VT 58, ¶ 19, 192 Vt. 343 (explaining that self-represented litigants must satisfy minimum briefing standards of Vermont Rule of Appellate Procedure 28(a)(4) and declining to address inadequately briefed argument).

[3] We remind plaintiff that in presenting a document to this Court, he is certifying that "to the best of [his] knowledge, information, and belief, formed after an inquiry reasonable under the circumstances," the "legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law." V.R.C.P. 11(b)(2); see V.R.A.P. 25(d)(2) (providing that in "presenting a document to the Court," attorney or self-represented party "is making the certification provided by V.R.C.P. 11(b) as to that paper"); Zorn v. Smith, 2011 VT 10, ¶ 22, 189 Vt. 219 (explaining that self-represented litigants are bound by "the obligations of Rule 11 and sanctions for noncompliance"). Plaintiff is warned that future conduct of this nature may result in sanctions. See V.R.A.P. 25(d)(3).

3

Plaintiff has not otherwise identified any violation of his due-process rights. The fundamental requirements of due process are "notice and an opportunity to be heard at a meaningful time and in a meaningful manner." In re Miller, 2009 VT 112, ¶ 9, 186 Vt. 505 (quotation omitted). Plaintiff does not contest that—as reflected in the record—he received notice of the Board's decision and his appeal rights. To exercise those rights, plaintiff was required to file a timely notice of appeal. See State v. Menize, 2023 VT 48, ¶ 19, 218 Vt. 374 (explaining that while "some leeway" is accorded to self-represented litigants, "they must still follow ordinary rules of procedure"). He did not do so. Moreover, the court ensured that plaintiff had an opportunity to present his arguments against dismissal when it granted his motion to vacate, noting the preference that motions be decided on their merits. After considering plaintiff's contentions, the court correctly concluded that it was without jurisdiction and again dismissed the action. Plaintiff has not demonstrated that he was deprived of due process. See In re Beer, 2010 VT 31, ¶¶ 11-12, 187 Vt. 641 (mem.) (concluding there was "no due process violation" where Human Services Board dismissed petitioner's untimely appeal from Department for Children and Families (DCF) substantiation for lack of jurisdiction "since petitioner was plainly provided adequate notice of DCF's decision and informed of his right to appeal").

Plaintiff's remaining arguments go to the merits of his assertion that he is entitled to additional sums beyond the repurchase amount. They are therefore beyond the scope of our review in this appeal. See id. ¶ 6 (explaining that petitioner's challenges to merits of his substantiation by Department for Children and Families were not appropriately before this Court on appeal from Human Services Board order dismissing appeal as untimely filed).

Affirmed.

BY THE COURT:

Paul L. Reiber, Chief Justice

Christina E. Nolan, Associate Justice

Michael P. Drescher, Associate Justice

4